JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, David Ficklin, ("Ficklin") appeals his conviction for receiving stolen property. Finding no merit to this appeal, we affirm.
 {¶ 2} In June 2003, Ficklin was charged with receiving stolen property, arising from his operation of a stolen vehicle. The case proceeded to a jury trial, where the following evidence was presented.
 {¶ 3} On April 8, 2003, Ficklin was driving a 1994 Dodge Caravan on Interstate 90, when Bratenahl Police Officer Lance Whitmer stopped him because there was no visible license plate on the vehicle. Officer Whitmer discovered that Ficklin's driver's license had been suspended and placed him under arrest. During an inventory search of the vehicle, Officer Whitmer discovered a Lube Stop receipt containing a license plate number. After running a check on that license plate number and confirming the vehicle identification number ("VIN"), Officer Whitmer determined that the vehicle had been reported stolen from Columbus. The officer testified that when he asked Ficklin about the vehicle, Ficklin stated that he had "traded it" for drugs. On cross-examination, Officer Whitmer reiterated that Ficklin stated he had "borrowed the car in exchange for drugs."
 {¶ 4} Ronald Zabawski, general manager of Motorland Enterprises, Inc. ("Motorland"), testified that Motorland took title of the 1994 Dodge Caravan on March 19, 2003, and immediately arranged for the vehicle to be detailed at a local shop. The vehicle was stolen from the shop. Zabawski testified that the value of the vehicle was approximately $2,000. He further testified that Ficklin never had permission to use the vehicle.
 {¶ 5} At the close of the State's case, the court denied Ficklin's motion for an acquittal, and the jury found him guilty of receiving stolen property. Ficklin also pled guilty to one count of drug possession in another case. At sentencing, the court imposed a prison term of eight months in each case, to run concurrently.
 {¶ 6} Ficklin appeals, raising two assignments of error.[1]
 Sufficiency of the Evidence {¶ 7} In his first assignment of error, Ficklin argues that the trial court erred in denying his motion for acquittal. He claims that there was insufficient evidence to prove that he knew the vehicle was stolen.
 {¶ 8} A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the State has met its burden of production at trial. State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52. On review for sufficiency, courts are to assess not whether the State's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Statev. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 9} Ficklin was convicted of receiving stolen property as defined in R.C. 2913.51(A), which provides:
"No person shall receive, retain, or dispose of property of anotherknowing or having reasonable cause to believe that the property has beenobtained through commission of a theft offense."
 {¶ 10} Ficklin argues that the State failed to produce any evidence that he knew or should have known that the vehicle was stolen because the vehicle did not have any sign of forced entry typical of a stolen vehicle. He relies on the testimony of Officer Whitmer, who acknowledged that the windows were not broken, the steering column was intact, and the locks had not been tampered with. Based on the condition of the vehicle, Ficklin argues that the State failed to demonstrate that he "knowingly" received stolen property. He further contends that, because he had merely borrowed the vehicle, he had no reason to inquire about the title or to check for a vehicle identification number on the dashboard. We find these arguments unpersuasive.
 {¶ 11} In determining whether a defendant knew or should have known property had been stolen, appellate courts consider the following factors: "(a) the defendant's unexplained possession of the merchandise; (b) the nature of the merchandise; (c) the frequency with which such merchandise is stolen; (d) the nature of the defendant's commercial activities; and, (e) the relatively limited time between the theft and recovery of the merchandise." State v. Prater, Cuyahoga App. No. 80678, 2002-Ohio-5844, ¶ 9, citing State v. Davis (1988), 49 Ohio App.3d 109,112. Further, in a prosecution for receiving stolen property, a jury may determine guilt by inference when the accused's possession of recently stolen property is not satisfactorily explained in light of surrounding circumstances developed from the evidence. In re B.B.,
Cuyahoga App. No. 81848, 2003-Ohio-5920, ¶ 19, citing State v. Arthur
(1975), 42 Ohio St.2d 67.
 {¶ 12} In the instant case, the State produced evidence that Ficklin was driving the 1994 Dodge Caravan within a few weeks after it was reported stolen, with no visible license plate. The evidence revealed that the owner of the vehicle never gave Ficklin permission to use the vehicle. Additionally, it was undisputed that the title was missing from the vehicle and that the VIN had been removed from the dashboard. Finally, Ficklin's explanation as to how he acquired the vehicle was that he "borrowed" it in exchange for drugs. Construing this evidence in a light most favorable to the prosecution, we find that reasonable minds could have concluded that Ficklin knew or should have known that the vehicle was stolen.
 {¶ 13} Accordingly, the first assignment of error is overruled.
 Prosecutorial Misconduct {¶ 14} In his second assignment of error, Ficklin argues that the prosecutor's comments during closing argument denied him a fair trial.
 {¶ 15} A prosecuting attorney's conduct during trial does not constitute grounds for reversal unless the conduct deprives the defendant of a fair trial. State v. Keenan (1993), 66 Ohio St.3d 402, 405; Statev. Apanovitch (1987), 33 Ohio St.3d 19. The touchstone of due process analysis "is the fairness of the trial, not the culpability of the prosecutor." Smith v. Phillips (1982), 455 U.S. 209, 219. The effect of the prosecutor's misconduct must be considered in light of the whole trial. State v. Durr (1991), 58 Ohio St.3d 86, 94; State v. Mauer
(1984), 15 Ohio St.3d 239, 266.
 {¶ 16} Ficklin claims that the prosecutor engaged in misconduct by attempting to elicit sympathy for the victim by emphasizing that the victim drove from Columbus to testify and by claiming that he was "tired of these cars being stolen from his property, from his company."
 {¶ 17} Prosecutors are given wide latitude during closing arguments.State v. Brown (1988), 38 Ohio St.3d 305. In order for a prosecutor's closing argument to be prejudicial, the remarks must be "so inflammatory as to render the jury's decision a product solely of passion and prejudice." State v. Williams (1986), 23 Ohio St.3d 16, 20, certiorari denied (1987), 480 U.S. 923.
 {¶ 18} We cannot say that the comments of the prosecutor were so inflammatory that the jury found Ficklin guilty out of sympathy for the victim. Although any evidence of the victim's inconvenience in testifying was irrelevant, we find no prejudice by the prosecutor's remarks. Here, the record overwhelmingly demonstrated that Ficklin was guilty of receiving stolen property. It was undisputed that Ficklin was driving a stolen vehicle, and he was unable to sufficiently explain how he acquired it except to claim that he "borrowed" it in exchange for drugs.
 {¶ 19} Next, Ficklin argues that the prosecutor improperly urged the jury to accept the State's version of the testimony, rather than relying on their collective memory, by stating:
"He's [the defense attorney] asking you to remember that DavidFicklin, the defendant, said he borrowed the car overnight. Thosewere not the words that Officer Whitmer testified to."
 {¶ 20} However, the defense counsel immediately objected to the prosecutor's comment and the trial court sustained it, issuing the following curative instruction:
"Ladies and Gentlemen, to the extent that you remember what theevidence was differently, I would encourage you and implore you to relyon your individual and your collective memories as to what the evidencewas."
 {¶ 21} A jury is presumed to follow the instructions, including curative instructions, given by a trial judge. State v. Charley, Cuyahoga App. No. 82944, 2004-Ohio-3463, ¶ 51, citing State v. Loza,71 Ohio St.3d 61, 75, 1994-Ohio-409. Ficklin offers no evidence that the jury failed to abide by the trial court's instruction. Thus, we find no prejudice.
 {¶ 22} Ficklin also claims that the prosecutor improperly implied that he had a burden to testify at trial, by stating:
"However, it is the job of [the defense counsel] to come in here andzealously represent his client; and it is his job to bring forth theirversion of the events."
 {¶ 23} Again, the defense counsel objected and the trial court sustained the objection. The trial court further provided the following curative instruction:
"I'll remind you, Ladies and Gentlemen, the defendant has absolutely noburden in this case. The burden of proof is upon the State of Ohio, andit remains on the State of Ohio. They have no burden to do anything."
 {¶ 24} As stated above, a jury is presumed to follow a judge's curative instruction. Charley, supra. We conclude that the jury followed the trial court's admonition. Accordingly, we find no prejudice in the prosecutor's remarks.
 {¶ 25} The second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J. and Karpinski, J. Concur.
[1] Although Ficklin has included Case No. CR-443965 as part of the appeal, he raises no assignments of error pertaining to that case. Accordingly, we affirm his conviction and sentence in that case.