JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, John Wilson ("defendant"), appeals from the judgment entered following a jury trial finding him guilty of two counts of receiving stolen property, in violation of R.C. 2913.51. For the following reasons, we affirm in part and reverse in part.
 {¶ 2} At trial, the following facts were established: In the early evening of May 28, 2005, Officers Ken Kirk ("Officer Kirk") and Robert Goines ("Officer Goines") of the Cleveland Police Department observed defendant sitting behind the wheel of a Mercury Topaz parked in a parking lot. Officer Goines recognized the vehicle from a prior incident involving drugs. A check of the license plate number revealed that the license plate was registered to a Mazda. After placing the defendant under arrest, Officer Kirk learned that the validation sticker affixed to the license plate had been reported stolen.
 {¶ 3} On August 9, 2005, the Cuyahoga County Grand Jury indicted defendant on one count of receiving stolen property in relation to the license plate, and one count of receiving stolen property in relation to the validation sticker. Both counts were charged as felonies of the fifth degree.
 {¶ 4} On September 28, 2005, a jury trial began and the following testimony was given: The State first called Officer Kirk who testified that he arrested the defendant because the license plate number of the car he was sitting in did not match the car it was registered to. Specifically, defendant was sitting in a Mercury Topaz and the license plate was registered to a Mazda. Officer Kirk testified that when questioned, defendant told him that his friend "Tony" had given him the plate. Officer Kirk further testified that he called the dispatcher who verified that the validation sticker affixed to the license plate had been reported stolen.
 {¶ 5} Next, Officer Goines testified that he recognized defendant's vehicle from a previous incident and ran the license plate on the car. He corroborated Officer Kirk's testimony that defendant was placed under arrest because the license plate number of the car he was sitting in did not match the car it was registered to and that the validation sticker was reported stolen.
 {¶ 6} Next, Gina Lahodny ("Ms. Lahodny") testified. She testified that she was the owner of the Mazda to which the license plate found on defendant's car was registered to. She testified that she gave her uncle the car and did not know that the license plate had been stolen until someone from the prosecutor's office called her and told her. She testified that she did not know the defendant and had not given him permission to have or display the license plate.
 {¶ 7} On September 28, 2005, defendant was found guilty of two counts of receiving stolen property, as charged in the indictment.
On October 12, 2005, the trial court imposed a sentence of nine months for both counts, to run concurrently. Defendant now appeals and raises the following four assignments of error for our review.
 {¶ 8} "I. The trial court erred in denying appellant's motion for judgment of acquittal, pursuant to Crim.R. 29, as the evidence adduced at trial was insufficient to support the verdict, thus denying appellant his constitutional right to due process."
 {¶ 9} In his first assignment of error, defendant argues that the State failed to present sufficient evidence to support his convictions for receiving stolen property because there is no evidence that any theft offenses occurred. Specifically, defendant argues that the State failed to establish that the validation sticker and license plate were stolen, failed to establish the identity of the validation sticker's owner, and failed to show that defendant knew the validation sticker and license plate had been obtained through theft.
 {¶ 10} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the State. State v.Dennis (1997), 79 Ohio St.3d 421, 430.
 {¶ 11} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380,386.
 {¶ 12} Defendant was charged with receiving stolen property in violation of R.C. 2913.51. R.C. 2913.51(A) defines the crime of receiving stolen property and provides in pertinent part that "no person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."
 {¶ 13} With these principals in mind, we proceed to address defendant's assignment of error.
The License Plate — Count I
 {¶ 14} When viewed in the light most favorable to the State, the record contains sufficient evidence that defendant was guilty of receiving stolen property as charged in Count I and the trial court properly denied his motion for acquittal.
 {¶ 15} At trial, Officers Kirk and Goines testified that the police computer revealed that the license plate number on the car defendant was sitting in did not match the car. Ms. Lahodny testified that she owned the Mazda to which the license plate found on defendant's car was registered to and that she did not give defendant permission to use or display the license plate. Based upon this evidence, we find sufficient evidence was presented to establish defendant received and retained stolen property.
 {¶ 16} With regard to whether defendant knew or had reasonable cause to believe that the license plate was stolen, "absent an admission by a defendant, whether there was reasonable cause for a defendant to know if an item was stolen can only be shown by circumstantial evidence." State v. Hankerson (1982),70 Ohio St.2d 87, 92; State v. Ficklin (March 17, 2005), Cuyahoga App. No. 84563, 2005-Ohio-1171. An inference of guilty knowledge may be drawn from the fact of unexplained possession of stolen goods. State v. Arthur (1975), 42 Ohio St.2d 67, 69.
 {¶ 17} Here, defendant had a stolen license plate in his possession and could not give a reasonable explanation as to why the item was in his possession other than a guy named "Tony" had given him the plate.[1] Under these circumstances, a reasonable inference could be made that defendant had full knowledge that the license plate in his possession was stolen, sufficient for the matter to be submitted to the jury.
 {¶ 18} Defendant's contention that his conviction in Count I was based on inadmissible hearsay evidence fails. In support of his argument, he cites State v. Sims (1983), 10 Ohio App.3d 56,58, in which this Court held that "a conviction for a theft-related offense cannot stand where a necessary element of the crime is demonstrated solely by reference to hearsay information on a police computer print-out indicating that certain property was stolen." Sims is factually different from the case before us. Here, Officer Kirk's testimony about the police report was not the sole evidence that the license plate had been stolen. Rather, Ms. Lahodny testified that she did not give defendant permission to use the license plate. We find this evidence legally sufficient to support defendant's conviction for receiving stolen property as charged in Count I of the indictment.
The Validation Sticker — Count II
 {¶ 19} When viewed in the light most favorable to the State, the record contains insufficient evidence that defendant was guilty of receiving stolen property as charged in Count II and the trial court erroneously denied his motion for acquittal.
 {¶ 20} At trial, Officers Kirk and Goines testified that, as a part of their investigation, they learned from the police dispatcher that the validation sticker had been reported stolen. Over objection, the trial court allowed the validation sticker to be entered into evidence, stating that the officers' testimony regarding the stolen nature of the validation sticker was a business record exception to hearsay.
 {¶ 21} Hearsay is an out-of-court statement offered for the truth of the matter asserted. Evid.R. 801(C). Generally, hearsay statements are not admissible at trial unless the statement comes in under a recognized exception. Evid.R. 803(6) and 803(8) provide hearsay exceptions for records of regularly conducted activities (business records) and for public records and reports.State v. Watkins (1981), 2 Ohio App.3d 402; Randle v. Gordon
(Oct. 29, 1987), Cuyahoga App. No. 52961.
 {¶ 22} In order for the dispatcher's report, or in this case, the testimony of the officer regarding the dispatcher's report, to fall within the public records exception, the report (or testimony) must set forth matters observed pursuant to a duty to report by one charged with that duty and it must be offered by the defendant. Evid.R. 803(8);[2] Cincinnati Ins. Co. v.Volkswagen of America, Inc. (1987), 41 Ohio App.3d 239. To fall within the business records exception, the report must be made at or near the time of the event by a person with knowledge, in the regular course of the agency's business. Evid.R. 803(6);[3]Cox v. Oliver Machinery Co. (1987), 41 Ohio App.3d 28.
 {¶ 23} Ohio courts have held that Evid.R. 803(6) and Evid.R. 803(8) do not permit the State to introduce police records and reports to prove the substance of those records or reports in criminal cases because that procedure violates the hearsay rule and the accused's constitutional right of confrontation. SeeState v. Ward (1984), 15 Ohio St.3d 355, 358; State v. Spinks
(1992), 79 Ohio App.3d 720.
 {¶ 24} Based on Ward and the plain language of Evid.R. 803, we find that the trial court erred in finding the validation sticker, and the testimony from the officers regarding the dispatcher's report that the validation sticker was stolen, admissible under the business record or public record exception. Moreover, we can not discern any other legitimate non-hearsay exception to allow this evidence. See, for example, State v.Kesterson (Oct. 24, 1994), Fairfield App. No. 17-CA-1994, in which the trial court allowed an officer to testify to what a dispatcher told him because the evidence was not offered to prove the truth of the matter asserted, but rather to demonstrate why the officer had stopped to investigate the car. Here, the information received from the dispatcher was clearly being offered for the truth of the statements therein: that the license validation sticker was actually stolen.
 {¶ 25} We find that the admission of the validation sticker and the officers' testimony regarding its stolen nature was prejudicial to the defendant. Unlike the conviction we affirmed in Count I, the owner of the validation sticker did not testify at trial that his property had been stolen.[4] The only evidence offered to support that defendant was in possession of a stolen validation sticker was via hearsay testimony. In sum, there was no admissible evidence as to the elements of R.C.2913.51(A), and the conviction as to Count II, was against the sufficiency of the evidence. See State v. McKinney, Defiance App. No. 4-04-12, 2004-Ohio-5518; State v. Sims, supra.
 {¶ 26} Our resolution of defendant's first assignment of error renders moot his remaining assignments of error, and, therefore, we need not address it. App.R. 12(A)(1)(c).
Judgment affirmed in part; reversed in part.
It is ordered that appellant and appellee shall each pay their respective costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Calabrese, Jr., J., concur.
[1] See State v. Yarbrough (Nov. 22, 2000), Summit App. No. 20062 (conviction for receiving stolen property was affirmed where defendant could only identify the man who gave him the car as "Doctor D").
[2] "Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (a) the activities of the offices or agencies, or (b) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, unless offered by defendant, unless the sources of information or other circumstances indicate lack of trustworthiness."
[3] "A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term `business' as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit."
[4] We are mindful of other decisions which held that testimony from the owner of stolen property is not required to prove that the property had been stolen. See State v. Emmons (1978),57 Ohio App.2d 173, 177; State v. Ray (April 30, 2003), Summit App. No. CA No. 21233. However, these cases are distinguished from this case because hearsay was not at issue.