JOURNAL ENTRY AND OPINION
{¶ 1} In this consolidated appeal, defendant-appellant, Antwone Garrett ("defendant"), challenges his conviction for receiving stolen property (CR-452262) and for receiving stolen property, misuse of a credit card, and theft (CR-452824). For the reasons that follow, we vacate his conviction in CR-452262 but affirm the judgment and convictions in CR-452824.
 {¶ 2} We will address each case separately and combine defendant's assignments of error where appropriate for discussion.
I. CR-452262
 {¶ 3} In Case No. CR-452262, defendant was charged with receiving stolen property, to-wit license plates belonging to Emzie Wright. Defendant moved to dismiss the charge for alleged violation of his speedy trial rights. The trial court denied the motion.
 {¶ 4} At the ensuing bench trial, Emzie Wright, confirmed his plates were stolen in May 2004 and that he reported this to police. The plates were registered to Wright's 1994 Oldsmobile Achieva. Officer Sowul testified that on May 3, 2004 he stopped a Range Rover driven by defendant for a traffic violation. When Sowul entered the plates on that vehicle into the mobile data computer, he discovered the plates were reported stolen by Emzie Wright. Sowul further confirmed that the plates on the Range Rover were registered to a 1994 Oldsmobile. Sowul proceeded to arrest defendant, who claimed to have purchased the plates from a "crack head."
 {¶ 5} "II. Defendant was denied due process of law when the court admitted hearsay testimony by the arresting officer.
 {¶ 6} "IV. Defendant was denied due process of law when the court erred in not granting defendant's motion to suppress as the arrest warrant was not issued by a neutral and detached magistrate."
 {¶ 7} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the State. State v.Dennis (1997), 79 Ohio St.3d 421, 430.
 {¶ 8} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. We must determine whether, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380,386.
 {¶ 9} In Case No. CR-452262, defendant was charged with receiving stolen property, specifically license plates belonging to Emzie Wright. Accordingly, the State had to prove, inter alia, that the defendant was in possession of the license plates stolen from Emzie Wright.
 {¶ 10} Defendant contends that the trial court erred by admitting hearsay testimony of the arresting officer that defendant was in possession of Wright's stolen license plates. Defendant contends that the admission of the alleged hearsay prejudiced him because the State could not establish the requisite elements of receiving stolen property without it.
 {¶ 11} At trial, Emzie Wright simply confirmed that he reported his license plates stolen. Wright neither identified the plates in court nor did he give any testimony that would identify his plates by registration or number. Wright does not know who stole the plates. Officer Sowul's testimony was the only evidence that provided a link between defendant and Wright's stolen license plates. Over objection, Sowul based his testimony upon the mobile data computer that listed the plates as stolen. The trial court found this testimony admissible under the business records exception to the hearsay rule.
 {¶ 12} In State v. Sims (1983), 10 Ohio App.3d 56, 58, this Court held that "a conviction for a theft-related offense cannot stand where a necessary element of the crime is demonstrated solely by reference to hearsay information on a police computer print-out indicating that certain property was stolen."
 {¶ 13} Emzie Wright did not in any way identify the plates or registration at trial. And, the State did not offer any admissible evidence specifically identifying the plates. The alleged computer data information, which reportedly indicated Wright's plates as stolen, was not introduced into the record. Instead, the State simply questioned the arresting officer of his recollection of the contents of the computer information.
 {¶ 14} In State v. Wilson, Cuyahoga App. No. 87205,2006-Ohio-4108, we upheld a conviction for receiving stolen property, specifically license plates, and reversed a conviction for receiving stolen property, specifically a vehicle validation sticker. We upheld the conviction relative to the license plates because the State had introduced the plates that were recovered from the defendant's possession and the owner identified them at trial and testified she had reported them stolen.[1] In other words, the conviction did not depend on inadmissible hearsay testimony of a police officer. Id.
 {¶ 15} Conversely, in Wilson we reversed the conviction relative to the validation sticker because the State only offered the sticker and the arresting officer's testimony that it was stolen based on a dispatcher's report that was not submitted into evidence. The testimony of the officer constituted inadmissible hearsay because it was being offered to prove the truth of the matter asserted. Id. at ¶ 24, citing State v. Ward (1984),15 Ohio St.3d 355. The State offered similarly inadmissible evidence to establish that defendant was in possession of stolen plates in this case.
 {¶ 16} It seems rudimentary that there be some type of admissible courtroom identification of the plate or registration at issue to ensure that an accused offender was in the possession of a stolen plate.
 {¶ 17} Without Sowul's testimony (based on his recollection of computer data) there was no evidence offered that would have established that defendant was in possession of license plates reported registered to, and stolen from, Wright's 1994 Oldsmobile. According to the precedent in this district, such evidence is inadmissible hearsay and not subject to the business records exception of Evid.R. 803(8). State v. Sims (1983),10 Ohio App.3d 56, 58 ("a computer print-out report is not reliable and trustworthy proof that an object has been stolen. Errors commonly occur in the recording, retention and retrieval of computer information.") In other words, without Sowul's inadmissible testimony the trier of fact was left only with Wright's testimony that he reported some license plates that were registered to a 1994 Oldsmobile Achieva stolen. Such is insufficient evidence to sustain a conviction against defendant on the charged offense.
 {¶ 18} Accordingly, Assignments of Error II and IV are sustained and defendant's conviction in CR-452262 is vacated.
 {¶ 19} The disposition of these assignments of error render defendant's first assignment of error moot.[2]
 II. CR-452824
 {¶ 20} In Case No. CR-452824, defendant was charged with receiving stolen property, misuse of credit card, and theft. The charges stemmed from the use of a credit card belonging to a Sally Evans at North Randall mall on November 24, 2003. According to the record, defendant accompanied a female named Natividad, who made unauthorized purchases with the credit card. Ms. Evans testified that the credit card had been stolen from her purse sometime before November 24, 2003. There is evidence that defendant was aware that the credit card belonged to a Sally Evans and not Natividad.
 {¶ 21} Defendant stated he selected some boots and pants at a City Blue store that were purchased for him with the credit card. The City Blue receipt totals $500.
 {¶ 22} Following a bench trial, defendant was found not guilty of receiving stolen property or theft but guilty of misuse of credit card as charged in count 2 of the indictment. Defendant raises three assignments of error related to this case.
 {¶ 23} "III. Defendant was denied due process of law when the court journalized the judgment entry sentencing [sic] stating that defendant was convicted of a felony rather than a misdemeanor."
 {¶ 24} This assignment of error lacks merit. It is clear from the record that the trial court found defendant guilty of misuse of credit card involving property or services of "value of $500 or more but less than 5,000," a felony of the fifth degree as charged in count 2 of the indictment. Tr. 263-265 and R. 42; see, also, R.C. 2913.21(D)(3).
 {¶ 25} Defendant maintains that the trial court made no finding as to the value of the services obtained through the misuse of the credit card. Quite contrary to defendant's assertions, the court explicitly found as follows: "With respect to Count 2, * * * that requires the State to show that * * * [defendant] obtained property or services of a value of $500 or more but less than 5,000 [dollars] * * *." Tr. 263. The court continued to find that "It's obvious from the evidence submitted that defendant did obtain property from City Blue, that that property that was in his possession was the property that was listed on the receipt in Exhibit 6 from City Blue." Tr. 263-264. And, the trial court observed that the total of the items reflected on the City Blue receipt (Ex. 6) was $500. Tr. 262. Accordingly, Assignment of Error III is overruled.
 {¶ 26} "V. Defendant was denied due process of law when the court overruled defendant's motion to suppress as there were no facts alleged in the affidavit for an arrest warrant.
 {¶ 27} "VI. Defendant was denied due process of law when the court overruled defendant's motion for judgment of acquittal."
 {¶ 28} Defendant maintains his due process rights were violated by the trial court's finding that Harry Rose was a neutral and detached magistrate within the requirements of Crim.R. 4(A). Specifically, defendant claims Harry Rose who is a detective with North Randall could not act as a neutral and detached magistrate despite that he has also been a Deputy Clerk of the Bedford Heights Municipal Court for the past 15 years. Defendant argues Rose acted as an investigating officer in this case. The State's response is threefold: (1) Rose, who was not acting in his capacity as an investigative officer in the case, qualified as a neutral and detached magistrate; (2) alternatively, the good faith exception applies; and (3) the arrest qualifies as a valid warrantless arrest even in the absence of a properly issued warrant.
 {¶ 29} This Court has previously addressed this issue inState v. Robinson (Oct. 24, 1985), Cuyahoga App. Nos. 49501, 49518, 49577. As here, Robinson maintained that an individual's dual role as a policeman and as a deputy clerk made him incapable of acting as a neutral and detached magistrate. In rejecting this position, this Court held that a police officer could act as a neutral and detached magistrate for purposes of Crim.R. 4(A). Id., citing Shadwick v. City of Tampa (1972), 407 U.S. 345
(approving use of nonjudicial personnel in role of neutral and detached magistrates). In particular, an uninvolved officer may sign the complaint.
 {¶ 30} Here, Rose testified that Detective Mosley was the investigating officer. Mosley presented Rose with the warrant and relayed the facts. Before signing the warrant, Rose independently verified the facts with witnesses to determine whether probable cause existed to issue the warrant.
 {¶ 31} In addition, the State asserts that two valid exceptions to the warrant requirement exist that negate defendant's claims under these assignments of error. First, the State argues that the officer's good faith in executing the arrest warrant qualifies as a valid exception to the exclusionary rule. "[T]he exclusionary rule will not apply to government actions taken in good faith in reliance on the validity of the warrant. See United States v. Leon (1984), 468 U.S. 897. The good faith exception fully applies to arrest warrants. See Statev. Oke, Wood App. No. WD-040-082, 2005-Ohio-6525." State v.Palinkas, Cuyahoga App. No. 86247, 2006-Ohio-2083, ¶ 9.
 {¶ 32} Further, another exception to the warrant requirement exists where the arresting officer has probable cause to make an arrest, based on information that is derived from a reasonably trustworthy source to warrant a prudent man in believing that a felony has been committed and that it has been committed by the accused. State v. Timson (1974), 38 Ohio St.2d 122, paragraph 1 of the syllabus; see, also, R.C. 2953.04; Crim.R. 4(E)(2).
 {¶ 33} The record, including Detective Rose's testimony, establish that at least the probable cause exception to the warrant requirement would apply in this case even if the arrest warrant were deemed invalid.
 {¶ 34} Finally, defendant maintains that there were insufficient facts alleged in the affidavit to the search warrant. The resolution of this error would require a review of the warrant and affidavit. Neither are in the record. Accordingly, we presume regularity in the trial court's resolution of this issue. Chahda v. Youseff, Cuyahoga App. No. 82505, 2003-Ohio-5247.
 {¶ 35} Assignments of Error IV and V are overruled.
Conviction vacated in C.A. 87112 (CR-452262); affirmed in C.A. 87123 (CR-452824).
It is ordered that appellee and appellant equally share the costs herein taxed.
The court finds there were reasonable grounds for these appeals.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kenneth A. Rocco, J. concurs Christine T. McMonagle., J., concurs In Judgment Only in Case No. 87123 and Dissents in Case No. 87112 (See concurring and dissenting opinion attached.)
[1] The minority opinion indicates that this fact is nowhere in the appellate decision rendered in Wilson. Nonetheless, the public record clearly substantiates it. Indeed, the trial court in Wilson noted that "it's [the license plate] registered to her [the license plate owner], she checked the registration, she knows that's her plate * * *. So I'm going to put the plate into evidence." Id., see Trial Transcript at p. 13 and State's Exhibit 1.
[2] See Appendix.