[Cite as *State v. Bridgett*, 2017-Ohio-8480.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105191**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEONDRE M. BRIDGETT

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-607373-A

**BEFORE:** Blackmon, J., Kilbane, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** November 9, 2017

**ATTORNEY FOR APPELLANT**

Leigh S. Prugh
P.O. Box 450678
Westlake, Ohio     44145


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:   Adam M. Chaloupka
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Deondre M. Bridgett ("Bridgett") appeals from his conviction for receiving stolen property. He assigns the following errors for our review:

I. The trial court erred in denying Bridgett's Crim.R. 29(A) motion for acquittal in the face of insufficient evidence to prove guilt of the offense of receiving stolen property beyond a reasonable doubt.

II. The trial court erred in sentencing Bridgett for a crime for which he was acquitted.

{¶2} Having reviewed the record and pertinent law, we affirm the conviction and eighteen-month sentence for receiving stolen property, but we remand for nunc pro tunc correction of the sentencing entry to delete the "on each count" reference that appears to be a clerical error. The apposite facts follow.

{¶3} In June 2016, Bridgett and codefendant Darren Allen were indicted for receiving a stolen motor vehicle, a fourth-degree felony, in violation of R.C. 2913.51(A), and possessing criminal tools, a fifth-degree felony, in violation of R.C. 2923.24(A). Both counts contained forfeiture specifications pertaining to screwdrivers found in the car. Bridgett pled not guilty and waived his right to a jury trial. The matter proceeded to trial on September 20, 2016.

{¶4} The state's evidence indicated that at around 11:00 p.m. on June 19, 2016, Park Rangers Aaron Coleman and Tim Garris were on uniform patrol in Heritage Park, near Merwin Avenue and West Road, observing the crowd following game seven of the NBA finals. The officers observed three individuals get out of a Jeep. As they walked

along, they used flashlights to look inside parked cars. Ranger Garris looked inside the Jeep and observed a t-shirt was wrapped around the steering column, which was "all torn apart," and "destroyed all around it." Screwdrivers were inside the car. Ranger Garris testified that it is "pretty common" to wrap a steering column in that manner "when a vehicle has been stolen and the ignition's been popped." The rangers testified without objection that they ran a LEADS check on the vehicle and determined that it had been reported stolen from Cleveland approximately two days earlier. On questioning from the defense, Ranger Garris further stated that he then "called Cleveland and confirmed that it was a stolen vehicle."

{¶5} The rangers stated that they did not expect the men to return to the Jeep since they had been spotted by police, so they advised their supervisors to be on the alert for the men and continued to observe the crowd in the area. The rangers planned to tow the Jeep and contact the owner at the end of the night.

{¶6} Approximately fifteen minutes later, the rangers observed the men walking back toward the Jeep. Bridgett repeatedly used his cell phone to block his face as he and Allen returned to the Jeep, but the third man ran off as the rangers approached to initiate a traffic stop. According to Ranger Coleman, Bridgett was apprehended as he returned to the rear passenger seat of the vehicle. He was "pushing off, twisting and turning," but then complied with their commands.

{¶7} The rangers determined that Bridgett lived on the same street as the owner of the vehicle that had been reported stolen. Allen told the rangers that he and Bridgett

were retrieving their cell phones that were charging inside the Jeep. He had a screwdriver in the waistband of his pants. Two other screwdrivers, including a broken screwdriver and its tip, were located in the front passenger seat. Bridgett had three cell phones in his pockets and a third cell phone was on the back seat. Other cell phones were charging inside the vehicle.

{¶8} The trial court subsequently denied Bridgett's motion for acquittal and found him guilty of receiving stolen property and the forfeiture specification, but not guilty of possession of criminal tools. The court sentenced him to eighteen months of community control sanctions.[1]

### Sufficiency of the Evidence

{¶9} In the first assigned error, Bridgett argues that the trial court erred in denying his Crim.R. 29(A) motion for acquittal pursuant to *State v. Sims*, 10 Ohio App.3d 56, 460 N.E.2d 672 (8th Dist.), because he was merely present in the backseat of the vehicle and did not possess any of the screwdrivers that were recovered from the front seat area.

{¶10} Crim.R. 29(A), which governs motions for acquittal, states:

> The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses.

---

[1]Allen was convicted of both charges and the specifications and was sentenced to eighteen months of community control sanctions.

**{¶11}** "Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." *State v. Bridgeman*, 55 Ohio St.2d 261, 381 N.E.2d 184 (1978), syllabus.

**{¶12}** The Supreme Court of Ohio has held that when reviewing the sufficiency of the evidence, an appellate court is to consider all of the evidence admitted at trial, even if the evidence was improperly admitted. *State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, ¶ 19, applying *Lockhart v. Nelson*, 488 U.S. 33, 38, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988) ("A trial court in passing on such a motion considers all of the evidence it has admitted, and to make the analogy complete it must be this same quantum of evidence which is considered by the reviewing court."). *See also State v. Roseberry*, 197 Ohio App.3d 256, 2011-Ohio-5921, 967 N.E.2d 233, ¶ 43 (8th Dist.); *McDaniel v. Brown*, 558 U.S. 120, 130 S.Ct. 665, 672, 175 L.Ed.2d 582 (2010). The *Brewer* court explained:

> By permitting a reviewing court to consider all the evidence presented at trial, *Lockhart's* holding recognizes that the state may rely upon the trial court's evidentiary rulings in deciding how to present its case. "If the evidence offered by the State is received after challenge and is legally sufficient to establish the guilt of the accused, the State is not obligated to go further and adduce additional evidence that would be, for example,

cumulative. Were it otherwise, the State, to be secure, would have to assume every ruling by the trial court on the evidence to be erroneous and marshall and offer every bit of relevant and competent evidence. The practical consequences of this would adversely affect the administration of justice, if for no other reason, by the time which would be required for preparation and trial of every case." *State v. Wood* (1980, Mo.), 596 S.W.2d 394, 398-399[.]

*Id.* at ¶ 19.

{¶13} The elements of receiving stolen property are set forth in R.C. 2913.51 as follows:

(A) No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense.

{¶14} The Committee Comment for this offense explains:

This section differs from the former offense of receiving stolen property in two important respects. Under the former statute an offender actually had to know that the property received was stolen property, whereas under this section it is sufficient if the offender has reasonable cause to believe that the property is "hot." Also, the former offense involved receiving only property obtained as the result of larceny, robbery, embezzlement, larceny

by trick, or fraud. Under this section, any theft offense can be the means by which the property was obtained.

**{¶15}** In determining whether the state presented sufficient evidence that Bridgett committed the offense of receiving stolen property, we recognize that in 1983, this court held that "[a] conviction for a theft-related offense cannot stand where a necessary element of the crime is demonstrated **solely** by reference to hearsay information on a police computer print-out indicating that certain property was stolen." *Sims,* 10 Ohio App.3d at 58, 460 N.E.2d 672. The *Sims* court noted that the owner did not testify and that, due to errors in the recording, retention and retrieval of computer information, "a computer print-out report is not reliable and trustworthy proof that an object has been stolen." *Id. Accord State v. Parra*, 8th Dist. Cuyahoga No. 95619, 2011-Ohio-3977; *State v. Garrett*, 8th Dist. Cuyahoga No. 87112, 2006-Ohio-6020.

**{¶16}** However, as this court noted in *In re B.B.*, 8th Dist. Cuyahoga No. 81948, 2003-Ohio-5920, ¶ 19,

> B.B. contends, without reference to any legal authority, that the State did not establish at trial that the Cutlass B.B. was driving was stolen because its owner never testified to that fact. We have ruled, however, that it is not always necessary for an owner of an automobile to testify to establish that the vehicle was stolen. [*In Re Houston*, 8th Dist. Cuyahoga App. No. 73950, 1998 Ohio App. LEXIS 5580 (Nov. 25, 1998).] The relevant inquiry concerns not who owned the item alleged to have been stolen, but whether a defendant rightfully possessed it. [*State v. Rhodes*, 2 Ohio St.3d 74, 76, 442 N.E.2d 1299 (1982) ("* * * It is the defendant's lawful right to possession which is key for purposes of the theft offense and R.C. 2913.01(D).")

*Id.*

{¶17} In *In re B.B.*, the police began following a car with a punched out lock. They observed that the steering column was peeled, and B.B. drove the car at the officers when they approached. This court found sufficient evidence to support his conviction for receiving stolen property. This court observed that B.B. did not object to hearsay evidence that the car was stolen. This court also considered: "(a) the defendant's unexplained possession of the merchandise, (b) the nature of the merchandise, (c) the frequency with which such merchandise is stolen, (d) the nature of the defendant's commercial activities, and (e) the relatively limited time between the thefts and the recovery of the merchandise." *Id.*, citing *State v. Allen*, 5th Dist. Stark No. 2002CA00059, 2003-Ohio-229, *State v. Thomas*, 1st Dist. Hamilton No. C-010724, 2002-Ohio-7333, *rev'd on other grounds*, 124 Ohio St.3d 412, 2010-Ohio-577, 922 N.E.2d 964.

{¶18} Similarly, in *In Re Houston*, 8th Dist. Cuyahoga No. 73950, 1998 Ohio App. LEXIS 5580 (Nov. 25, 1998), this court found sufficient evidence to support a convicition for receiving stolen property where the police conducted a license check of a car and determined that it had been stolen, and Houston sped away as police attempted to stop the vehicle. Houston argued the state failed to establish the identity of the car's owner, failed to establish that the car was stolen, and failed to show that Houston knew the vehicle had been obtained through theft. This court rejected Houston's claims and stated:

> Houston's argument that the State failed to establish that the car was stolen fails. The State presented evidence that the car was listed on a police

print-out of stolen cars and that a police dispatcher confirmed it was stolen. Additionally, the State showed that Houston's act of running away upon seeing the police was consistent with knowledge that the vehicle was stolen.

\* \* \* *Sims* is factually different from the case before us. In *Sims*, the print-out was entered into evidence over *Sims*' objection. However, in the case before us, the print-out was not entered into evidence and Houston did not object to Detective McCabe's testimony about the print-out. Because he failed to object to testimony about the print-out, he waived any error in allowing such testimony.

Houston also argues that the identity of the vehicle's owner was not established. In this case, the police had information that the car was stolen. The State was under no obligation to present the testimony of the car's owner. *See In re Jeremy Little*, 1998 Ohio App. LEXIS 697 (Feb. 25, 1998), Summit App. No. 18667, unreported.

Finally, Houston argues the State failed to prove Houston knew the car was stolen. We disagree. Officer McCabe testified that Houston quickly drove away when the police car turned around to follow him. Ohio courts have recognized that flight is evidence of consciousness of guilt and of guilt itself.

*Id. Accord State v. Tisdale*, 8th Cuyahoga Nos. 54605 and 54685, 1988 Ohio App. LEXIS 4552 (Nov. 10, 1988) (owner did not testify but sufficient evidence established receiving stolen property, including, inter alia, "peeled steering column on the stripped-out vehicle suggests the auto was not taken with the owner's consent."); *State v. Maddox*, 8th Dist. Cuyahoga No. 72765, 1998 Ohio App. LEXIS 2408 (June 4, 1998) (sufficient evidence of receiving stolen property presented where car was owned by someone else, steering column was peeled, defendant had a screwdriver but no car keys, and defendant attempted to evade arrest).

**{¶19}** Other districts have also held that the state is not required to offer the testimony of the actual owner of the property in order to prove the offense of receiving stolen property. *State v. Perez*, 6th Dist. Lucas No. L-06-1237, 2008-Ohio-471; *State v. Ray*, 9th Dist. Summit No. 21233, 2003-Ohio-2159.

**{¶20}** With all of the foregoing in mind, we note that in this matter, the trial court heard evidence that Bridgett and his companions got out of the Jeep and walked along the street looking into other vehicles with a flashlight. Without objection from the defense, the rangers testified that they learned that the Jeep belonged to a woman who lived on Bridgett's street, and had been reported stolen. The rangers "confirmed" this report, and were going to have the vehicle towed at the end of their shift. The state's evidence additionally demonstrated that the rangers observed that the steering column of the Jeep was peeled, and a shirt was tied around it, to conceal the damage. Screwdrivers and pieces of a broken screwdriver were inside the car. As Bridgett returned to where he had been seated in the car, he was arrested. He briefly struggled, while the third man who had been with him and Allen ran away. Considering all of the evidence of record, we find sufficient evidence to support Bridgett's conviction for receiving stolen property.

**Sentence**

**{¶21}** In his second assigned error, Bridgett notes that he was convicted of one offense, but his sentence indicates that the court sentenced him to eighteen months of community control sanctions "on each count."

**{¶22}** From our review of the record, Bridgett was convicted of one count of receiving stolen property but acquitted of possession of criminal tools. The sentence for eighteen months of community control sanction "on each count" is therefore simply a clerical error, which the court may correct in a nunc pro tunc entry. *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, 943 N.E.2d 535, ¶ 17 ("'[C]ourts possess inherent authority to correct clerical errors in judgment entries so that the record speaks the truth.'"), quoting *State ex rel. Cruzado v. Zaleski,* 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19.

**{¶23}** Conviction and sentence are affirmed, and matter is remanded for nunc pro tunc correction of the sentencing entry to delete the "on each count" reference that appears to be a clerical error.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

PATRICIA ANN BLACKMON, JUDGE

MARY EILEEN KILBANE, P.J., and
MELODY J. STEWART, J., CONCUR