OPINION
{¶ 1} Frederick M. Kirby, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas in which the court found him guilty, pursuant to a bench trial, of receiving stolen property, in violation of R.C. 2913.51, which is a felony of the fifth degree.
 {¶ 2} On July 11, 2005, Patty Plas, the owner of a coffee shop in a strip mall, left the shop with a backpack containing $2,685 in paper money and $11 in coins she intended to take to the bank while running errands. Part of the money was bound inside an envelope along with a deposit slip, and part of the money was bound but loose inside the backpack. She did not have time to deposit the money, and she returned to the shop and unloaded other items from the car. She left the backpack and money in her car in the strip mall parking lot, did not lock the car door, and returned to work. Approximately one hour later, Plas drove her vehicle to complete other errands and realized that the backpack and money were gone. Along with one of her employees, Plas searched the strip mall parking lot and discovered the backpack leaning against the back of the building. Only the envelope, the deposit slip, and the $11 in coins were inside the backpack.
 {¶ 3} Appellant testified that, while on a walk near his parents' home, he crossed the strip mall parking lot and found a brown paper bag on the ground containing $1,124. He took the bag to his parents' home, where his father told him that, because appellant had an extensive criminal record, he should call the police and report the find, and, if no one claimed it, he would get the money back. Appellant's father then called the police and reported appellant had found a bag of money. Reynoldsburg Police Officer Adam Daron arrived at appellant's home and retrieved the money. A short time later, Officer Daron received a report that some money was missing from Plas' business, and Officer Daron took a written statement from her without telling her about the money appellant found.
 {¶ 4} At the request of the police, appellant returned to the police station the next morning to give a written statement. Appellant returned to his parents' house for a few hours and then went to a local bar and strip club. Later that day, Reynoldsburg Police Officer Shane Mauger responded to several reports of an intoxicated person looking into car windows and urinating in public. Officer Mauger located a suspect, appellant, who was intoxicated in a bar. After arresting appellant, Officer Mauger found marijuana and $96 pursuant to a search of appellant's person. Officer Mauger asked appellant where the money had come from and whether he had taken any of the found money before turning it over to police. Officer Mauger stated appellant indicated he had taken $700. At police headquarters, appellant told Officer Daron that he kept $500 of the money he found before turning it over to police. At trial, appellant stated that he did not keep any of the found money and that the money he spent at the strip club and alcohol that day was earned while helping a friend install drywall.
 {¶ 5} On July 21, 2005, appellant was indicted on one count of receiving stolen property. On February 24, 2006, a bench trial was held on the indicted offense, after which the judge found appellant guilty of receiving stolen property. A sentencing hearing was held, and the trial court sentenced appellant to an 11-month term of imprisonment, to be served concurrent to a prison term of three and one-half years that appellant was serving on an unrelated case. The court also ordered appellant to pay restitution of $1,479 to Plas. Appellant appeals the judgment of the trial court, asserting the following assignment of error:
There was insufficient evidence to support the guilty verdict, and the verdict was against the manifest weight of the evidence, thereby, depriving Appellant of his due process protections under the state and federal Constitutions.
 {¶ 6} Appellant argues in his sole assignment of error that the trial court's judgment was not supported by sufficient evidence and was against the manifest weight of the evidence. When reviewing the sufficiency of the evidence, an appellate court examines the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. Statev. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id., citing Jacksonv. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781.
 {¶ 7} Our function when reviewing the weight of the evidence is to determine whether the greater amount of credible evidence supports the verdict. State v. Thompkins (1997),78 Ohio St.3d 380, 387. In order to undertake this review, we must sit as a "thirteenth juror" and review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice. Id., citing State v. Martin (1983), 20 Ohio App.3d 172, 175. If we find that the factfinder clearly lost its way, we must reverse the conviction and order a new trial. Id. On the other hand, we will not reverse a conviction so long as the state presented substantial evidence for a reasonable trier of fact to conclude that all of the essential elements of the offense were established beyond a reasonable doubt. State v. Getsy (1998),84 Ohio St.3d 180, 193-194; State v. Eley (1978),56 Ohio St.2d 169, syllabus. In conducting our review, we are guided by the presumption that the jury "is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80.
 {¶ 8} R.C. 2913.51 provides, in pertinent part:
(A) No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense.
 {¶ 9} Appellant argues that he did not know or have reasonable cause to believe that the money he found had been obtained through commission of a theft. He claims he did not know the origin of the money, as it was in a worn paper bag, the bag had no markings, the bag contained no deposit slips, and even the police did not know whose money it was until Plas filed the report. Appellant also points out that his actions after finding the money were not of one who believed it was stolen money, including that he took the money to his father, he offered to give his father money to pay household expenses, he agreed to call the police, he spoke to the police, and he went to the police station the next day to give a statement.
 {¶ 10} The decision announced by the judge at the conclusion of trial was somewhat unclear due to what we construe was a mistake in explaining what amount was actually found by appellant, what was given to the police, and what appellant owed Plas in restitution. However, the trial court's entry indicates that, although there was no evidence that appellant took the money from Plas' car, it believed appellant found the entire amount of $2,685 in paper money in the parking lot but only returned $1,124 of that money to the police. Thus, based upon this reasoning, appellant retained a total of $1,561. The trial court did not explain why it believed appellant knew or had reasonable cause to believe the full $2,685, from which he took $1,561, had been obtained through the commission of a theft offense.
 {¶ 11} Under R.C. 2913.51, the trial court could have found appellant guilty because either he knew the money was stolen or because he had reasonable cause to believe the money was stolen. With regard to the former, "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). With regard to the latter, one has "reasonable cause to believe" property was obtained through a theft offense when, after putting oneself in the position of this defendant, with his knowledge, lack of knowledge, and under the circumstances and conditions that surrounded him at the time, the acts and words and all the surrounding circumstances would have caused a person of ordinary prudence and care to believe that the property had been obtained through the commission of a theft offense. State v. Braxton
(1995), 102 Ohio App.3d 28, citing 4 Ohio Jury Instructions (1994), Section 513.51(4); see, also, State v. Hicks (Aug. 18, 1988), Cuyahoga App. No. 54219; State v. York (Oct. 24, 1985), Cuyahoga App. No. 49952; State v. Gregory (Aug. 21, 1992), Lucas App. No. L-91-198.
 {¶ 12} Although here there was no direct evidence that appellant knew that the money had been obtained through theft, the trial court could have found beyond reasonable doubt that appellant had reasonable cause to believe the property was obtained through theft. When, as here, a disputed element of the offense charged is, by its nature, not susceptible of proof by direct evidence, circumstantial evidence may be used to provide an inference of guilt. State v. Pruitt (May 14, 1986), Hamilton App. No. C-850392. Indeed, circumstantial evidence may be more certain, satisfying, and persuasive than direct evidence. Statev. Ballew (1996), 76 Ohio St.3d 244, 249, citing State v. Lott
(1990), 51 Ohio St.3d 160, 167, citing Michalic v. ClevelandTankers, Inc. (1960), 364 U.S. 325, 330, 81 S.Ct. 6. Absent an admission by a defendant, whether there was reasonable cause for a defendant to know if an item was stolen can only be shown by circumstantial evidence. See State v. Hankerson (1982),70 Ohio St.2d 87, 92.
 {¶ 13} With regard to the sufficiency of the evidence, based upon the testimony and evidence presented by the state with regard to the surrounding circumstances, the trial court could have found that it would have been unreasonable for appellant to believe the money was not stolen. Because Plas testified that the backpack was found leaning up against the outside of a building in the strip mall, the trial court could have concluded appellant found the backpack and removed the money therefrom. Plas testified some of the cash was in a manila envelope, and this envelope contained a deposit slip with her company name and account number on it. Construing Plas' testimony in favor of the prosecution, as we are required to do in a sufficiency of the evidence analysis, the court could have determined that a reasonable person would have been alerted to the fact that the money belonged to a business because of the deposit slip, and it was likely that it had been stolen and abandoned there rather than the business owner being responsible for intentionally or accidentally leaving it in such an unusual place. Thus, a reasonable jury could have found sufficient circumstantial evidence to find beyond a reasonable doubt that appellant had reasonable cause to know the money had been stolen.
 {¶ 14} With regard to the manifest weight of the evidence, the present case rests almost entirely on credibility. In a prosecution for receiving stolen property, the trier of fact may arrive at a finding of guilty by inference when the accused's possession of recently stolen property is not satisfactorily explained under all the circumstances developed from the evidence. State v. Caldwell (Nov. 16, 2000), Franklin App. No. 99AP-1107, citing Barnes v. United States (1973), 412 U.S. 837,93 S.Ct. 2357. What constitutes a reasonable explanation is one of fact, and when the resolution depends on credibility, great deference should be afforded the trier of fact. State v. Armour
(Dec. 19, 1991), Cuyahoga App. No. 59064, citing State v.Alexander (June 17, 1987), Hamilton App. No. C-860530.
 {¶ 15} Here, the trial court simply did not believe appellant's explanation of how he found the money, how much he found, and what he did with it after he found it. Appellant testified that he found $1,124 in the parking lot in a brown paper bag and believed it was drug money. Appellant claimed he never saw the backpack. Also in support of his story, appellant points out that his father testified that appellant did not resist his suggestion that he do the right thing and report the money to the police.
 {¶ 16} However, the trial court could have found unreliable appellant's testimony that he found the money in a paper bag in the parking lot. Plas testified that part of the money was loose in the backpack and part was in an envelope inside the backpack. Plas further stated that none of the cash was in a paper bag like the one in which appellant claimed to have found the money. Given the implausibility that a thief would have taken the backpack from the vehicle, removed both the loose money and the money in the envelope, separated the money into two portions, and then left one part of the money on the ground in a paper bag supplied by the thief, the trial court could have found appellant's version of the facts not credible. The trial court could have also found not credible appellant's claim that he believed the money to have been "drug money," instead of stolen money, given it would be unlikely for a drug dealer to mishandle such a large amount of cash, which appellant admitted was a large sum for the average dealer. Also, it is implausible that a drug dealer would have executed a "drug-money drop" of such a large amount of cash by merely leaving it in the middle of a parking lot. Although we have some limited ability to consider the credibility of witnesses, we have no reason to second-guess the trial court's credibility determination here. Therefore, the trial court could have arrived at a finding of guilty by inference when appellant's explanation as to how he came into possession of the money was unsatisfactory given all the circumstances developed from the evidence, and we find the verdict was not against the manifest weight of the evidence. For these reasons, the judgment was not based upon insufficient evidence and was not against the manifest weight of the evidence, and appellant's single assignment of error is overruled.
 {¶ 17} Accordingly, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Sadler and French, JJ., concur.