{¶ 82} With respect to the disposition of Siler's First, Third, Fourth (as to Carrying a Concealed Weapon), Fifth, and Sixth Assignments of error and the affirmation of Siler's adjudication for Carrying a Concealed Weapon, I concur in the majority's opinion. With respect to the Second and Fourth (as to Receiving Stolen Property) Assignments of error and the reversal of Siler's adjudication for Receiving Stolen Property, I respectfully dissent.
 {¶ 83} In order to obtain an adjudication of true for Receiving Stolen Property, it was necessary for the State to demonstrate, beyond a reasonable doubt, that Siler "receive[d] * * * property of another * * * having reasonable cause to believe that the property has been obtained through commission of a theft offense." R.C. 2913.51(A). The element of the crime at issue is whether Siler had "reasonable cause" to believe the gun he obtained from Burns was stolen. *Page 18 
 {¶ 84} The following jury instruction on the element of "reasonable cause" has been sanctioned by Ohio's courts: "In determining whether the defendant had reasonable cause to believe that the property was obtained through a theft offense you must put yourself in the position of this defendant with his/her knowledge, or lack of knowledge, and under the circumstances and conditions that surrounded him/her at that time. You must consider the conduct of the persons involved and determine if their acts and words and all the surrounding circumstances would have caused a person of ordinary prudence and care to believe that the property had been obtained through the commission of a theft offense." See State v.Kirby, 10th Dist. No. 06AP-297, 2006-Ohio-5952, at ¶ 11 (citations omitted); State v. Braxton (1995), 102 Ohio App.3d 28, 44-45 (citations omitted).
 {¶ 85} "Absent an admission by a defendant, the element of reasonable cause to believe that an item was stolen can only be proved bycircumstantial evidence." State v. Colon, 9th Dist. No. 20949, 2002-Ohio-3985, at ¶ 18 (emphasis added), citing State v. Hankerson
(1982) 70 Ohio St.2d 87, 92; accord State v. Delraye, 8th Dist. No. 79894, 2002-Ohio-3542, at ¶ 25, citing Hankerson, 70 Ohio St.2d at 92. Among the circumstances a court may consider when determining whether a defendant knew or had reasonable cause to believe an item was stolen, there is "(a) the defendant's unexplained possession of the merchandise, (b) the nature of the merchandise, (c) the frequency with which such merchandise is stolen, (d) the nature of the defendant's commercial activities, and (e) the relatively limited time between the thefts and the recovery of the merchandise." State v. Hagwood (June 2, 1995), 11th Dist. No. 94-L- *Page 19 
016, 1995 Ohio App. LEXIS 2302, at *24, citing State v. Davis (1988),49 Ohio App.3d 109, 112.
 {¶ 86} It is also a well-established proposition that, "in a prosecution for receiving stolen property, the jury may arrive at a finding of guilty by inference when the accused's possession of recently stolen property is not satisfactorily explained in light of the surrounding circumstances developed from the evidence." State v.Allen, 5th Dist. No. 2002CA00059, 2003-Ohio-229, at ¶ 13, citingState v. Arthur (1975), 42 Ohio St.2d 67, 69 ("[f]or centuries courts have instructed juries that an inference of guilty knowledge may be drawn from the fact of unexplained possession of stolen goods") (citation omitted); State v. Ficklin, 8th Dist. No. 84563,2005-Ohio-1171, at ¶ 11 (citation omitted); State v. LaFerrara, 10th Dist. No. 03AP-747, 2004-Ohio-1978, at ¶ 11 (citation omitted);State v. Tolbert, 9th Dist. No. 21203, 2003-Ohio-2160, at ¶ 18 (citation omitted); State v. Reese, 2d Dist. No. 2001-CA-48, 2002-Ohio-937, 2002 Ohio App. LEXIS 841, at *22.
 {¶ 87} In the present case, Ashtabula police recovered a stolen handgun in Siler's possession on the same day that it was reported stolen. The issue, then, is whether Siler satisfactorily explained how he came in possession of the handgun in light of the surrounding circumstances.
 {¶ 88} Sergeant Koski was performing "extra patrolling" of Dragon's Car Wash because of complaints about "numerous drug deals in [the] parking lot." Koski observed Siler and Burns sitting inside Burns' vehicle, in one of the bays of the car wash, but not doing anything related to washing the vehicle. Siler testified that he and Burns had been there about five minutes. When Koski approached Siler and Burns *Page 20 
exited the vehicle and tried to walk away. In Siler's testimony, he walked away from Koski because "it seemed like the right thing to do" in light of the fact that it "was going to go down," i.e. that it was in Siler's best interest not to be involved in what was about to happen to Burns. Cf. Hagwood, 1995 Ohio App. LEXIS 2302, at *17 ("the fact of an accused's flight, * * * and related conduct, are admissible as evidence of consciousness of guilt") (citation omitted).
 {¶ 89} Siler testified he knows Burns because Burns "drives around" the neighborhood and has asked Siler to sell him crack cocaine.
 {¶ 90} On the present occasion, however, Burns contacted Siler because he wanted to sell Siler some "toys." Siler agreed to meet Burns because he was curious about the "toys" and because he needed a ride home. According to Siler, the .32 caliber handgun in his possession was already under his seat when they arrived at the car wash. Siler was also found with .32 caliber bullets in his shirt pocket. Siler testified he put the bullets in his pocket because Burns had told him to do so.[32]
 {¶ 91} The majority claims there "was a complete lack of evidence that Siler was aware that the guns were stolen." I disagree. Any person of ordinary care and prudence would have "reasonable cause" to suspect the handguns Burns offered for sale were stolen. Siler was found in possession of the handgun on the same day it was reported stolen. Siler knew Burns to be a user of crack cocaine. That users of crack cocaine often steal to support their habit is well-known. Burns concealed the identity of the items he was selling as "toys" and took Siler to the bay of the car wash *Page 21 
in order to transact business, a car wash that incidentally, or not incidentally, was reported to be the site of "numerous drug deals." Burns was attempting to sell handguns, the sort of item that is often acquired illegitimately, such as by theft, given the difficulties entailed for certain persons, such as juveniles like Siler, in acquiring legitimately. Siler's explanation of how the .32 caliber came into his possession, i.e. that he was curious about what kind of "toys" the known crack user was selling and needed a ride home, is not credible. Siler's testimony that he accepted the bullets but was not interested in purchasing the handgun is not credible. The final factor demonstrating that Siler had reasonable cause to know the gun was stolen is Siler's attempt to evade Sergeant Koski and let Burns "go down" without him. In light of these surrounding circumstances, Siler's possession of the stolen handgun has not been satisfactorily explained.
 {¶ 92} For the foregoing reasons, Siler's adjudication for Receiving Stolen Property was supported by sufficient evidence. The judgment of the juvenile court should be affirmed.
WILLIAM M. O'NEILL, J., concurring in part, dissenting in part.
 {¶ 93} I agree with the determination that there was insufficient evidence to support Siler's adjudication for receiving stolen property. However, I do not agree that the improper admission of Burns' statements to Sergeant Koski amounts to "harmless" error. *Page 22 
 {¶ 94} A constitutional error may be considered harmless only if the court determines that the error was "harmless beyond a reasonable doubt."[33] "Whether a Sixth Amendment error was harmless beyond a reasonable doubt is not simply an inquiry into the sufficiency of the remaining evidence. Instead, the question is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction."[34]
 {¶ 95} In this matter, Burns' improperly admitted statements suggest that Siler had purchased the .32 caliber weapon and that Siler had placed this weapon in his pocket. These statements create two important inferences. The first inference is that Siler actually owned the weapon at the time it was found in Burns' car. Second, the statement that Siler put the gun in his pocket strongly suggests that Siler placed the gun under the seat. This is in contradiction to Siler's testimony, wherein he suggests Burns placed the .32 caliber gun under the passenger seat.
 {¶ 96} Burns' statements, if believed, contributed to Siler's adjudication for carrying a concealed weapon.
 {¶ 97} The constitutional error that occurred in this matter was not harmless. Siler's adjudication for carrying a concealed weapon should be reversed, and this matter should be remanded for a new trial on that charge.
[32] The fact that Siler had bullets in his pocket is not direct evidence that Siler had "reasonable cause" to believe the gun stolen. However, it is circumstantial evidence bearing on Siler's credibility as to how he came into possession of a stolen handgun which, he claims, he never had any intention of buying.
[33] State v. Conway, 108 Ohio St.3d 214, 2006-Ohio-791, at ¶ 78, citing Chapman v. California (1967), 386 U.S. 18, 24.
[34] State v. Conway, at ¶ 78. *Page 1