OPINION *Page 2 
{¶ 1} Defendant-Appellant, Daniel R. Quick, appeals his conviction and sentence for two counts of receiving stolen property, felonies of the fifth degree in violation of R.C. 2913.51(A).
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} On November 28, 2006, Patrolman Green of the Newark Police Department observed Appellant driving a Ford truck within the city limits. When the officer ran the tags for the truck, it returned to a Nissan. Based on that information, Patrolman Green made a stop of the vehicle and learned the vehicle was being driven by Appellant and that Appellant's drivers license was suspended. During a search incident to the arrest, the officer discovered a black wallet inside Appellant's vest pocket. Inside the wallet were two credit cards with receipts showing that the cards had been used to withdraw money.
 {¶ 3} When first asked where Appellant got the wallet, Appellant told Patrolman Green that he had found the wallet in an alley. Upon further investigation, Patrolman Green discovered the credit cards found in the wallet had been issued to Ms. Marion Pohle, a sixty-year-old, mentally disabled woman. Ms. Pohle testified at trial that she received approximately twenty credit cards in the mail issued in her name. She had not applied for the cards. She hid the cards under the cushions of her sofa. She testified that the only person who was aware of the credit cards under her sofa was her neighbor, John Dean Smith. Ms. Pohle had not used the cards herself nor gave anyone permission to use the cards, but a total of $18,000 in charges had been billed to Ms. Pohle. *Page 3 
 {¶ 4} With this information, Patrolman Green interviewed Appellant again. Appellant stated that he was with John Dean Smith on November 28, 2006. Appellant was with Smith when he called to activate all the credit cards in Ms. Pohle's name. Then Appellant drove with Smith in Smith's girlfriend's car, a red Jeep, while Smith stopped at various locations to cash checks and use the credit cards belonging to Ms. Pohle. Appellant told Patrolman Green he was aware the checks were stolen and thought it was unusual that all of the credit cards used by John Dean Smith had the same name and had similar numbers.
 {¶ 5} Smith and Appellant returned the Jeep and then proceeded in the Ford truck. Appellant dropped Smith off at Smith's home. Appellant told Patrolman Green that after he dropped off Smith, Appellant noticed Smith's black wallet on the seat of the truck. Appellant placed the wallet in his vest pocket and was in the process of returning the wallet to Smith when Appellant was stopped by Patrolman Green. Appellant testified that he did not know the credit cards were in the wallet. When asked why he originally stated that he had found the wallet in an alley, Appellant stated that he was scared.
 {¶ 6} On December 8, 2006, Appellee filed an indictment in the Licking County Court of Common Pleas charging Appellant with two counts of Receiving Stolen Property. Appellant pleaded not guilty.
 {¶ 7} A jury trial was held on April 11, 2007. The jury returned a verdict of guilty on both charges contained in the indictment. On June 5, 2007, the trial court imposed a ten month prison sentence. *Page 4 
 {¶ 8} Appellant filed a timely appeal of his conviction and sentence. He raises two Assignments of Error:
 {¶ 9} "I. THE CONVICTION OF THE DEFENDANT-APPELLANT WAS OBTAINED WITHOUT SUFFICIENT EVIDENCE BEING PRESENTED TO ESTABLISH EACH AND EVERY ELEMENT OF THE OFFENSE IN QUESTION.
 {¶ 10} "II. THE CONVICTION OF THE DEFENDANT-APPELLANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED BELOW."
 I., II. {¶ 11} Appellant argues in his Assignments of Error that the jury verdicts of guilty on the charges of receiving stolen property were against the manifest weight of the evidence and not supported by sufficient evidence. We disagree.
 {¶ 12} In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held:
 {¶ 13} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus.
 {¶ 14} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the *Page 5 
witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52, citing State v. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact.State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 15} R.C. 2913.51 provides a definition of receiving stolen property: "(A) No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."
 {¶ 16} Appellant argues the State failed to demonstrate that Appellant knew the wallet in his vest pocket contained two stolen credit cards. Appellant admits that he was in possession of the wallet, and that the State presented sufficient evidence to demonstrate that Appellant knew that the credit cards were stolen. But he argues the State failed to establish that Appellant knew or had reasonable cause to believe that the stolen credit cards were in that wallet.
 {¶ 17} R.C. 2901.22(B) defines "knowingly" as, "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." One has *Page 6 
"reasonable cause to believe" property was obtained through a theft offense when, after putting oneself in the position of this defendant, with his knowledge, lack of knowledge, and under the circumstances and conditions that surrounded him at the time, the acts and words and all the surrounding circumstances would have caused a person of ordinary prudence and care to believe that the property had been obtained through the commission of a theft offense. State v. Kirby, 10th
Dist. Case No. 06AP-297, 2006-Ohio-5952, at ¶ 11, citing State v.Braxton (1995), 102 Ohio App.3d 28, citing 4 Ohio Jury Instructions (1994), Section 513.51(4); see, also, State v. Hicks (Aug. 18, 1988), Cuyahoga App. No. 54219; State v. York (Oct. 24, 1985), Cuyahoga App. No. 49952; State v. Gregory (Aug. 21, 1992), Lucas App. No. L-91-198.
 {¶ 18} Appellant argues there is no direct evidence that Appellant knew the stolen credit cards were in the wallet. Upon review, however, we find that a reasonable trier of fact could have found beyond reasonable doubt that Appellant had reasonable cause to believe the property was obtained through theft. When, as here, a disputed element of the offense charged is, by its nature, not susceptible of proof by direct evidence, circumstantial evidence may be used to provide an inference of guilt. State v. Pruitt (May 14, 1986), Hamilton App. No. C850392. Indeed, circumstantial evidence may be more certain, satisfying, and persuasive than direct evidence. State v. Ballew (1996),76 Ohio St.3d 244, 249, citing State v. Lott (1990), 51 Ohio St.3d 160,167, citing Michalic v. Cleveland Tankers, Inc. (1960), 364 U.S. 325,330, 81 S.Ct. 6. Absent an admission by a defendant, whether there was reasonable cause for a defendant to know if an item was stolen can only be shown by circumstantial evidence. See State v. Hankerson (1982),70 Ohio St.2d 87, 92. *Page 7 
 {¶ 19} With regard to the sufficiency of the evidence, based upon the testimony and evidence presented by the State with regard to the surrounding circumstances that occurred that day, a rational trier of fact could have found that it would have been unreasonable for Appellant to believe the wallet did not contain the stolen credit cards. Appellant testified that he spent five to six hours with John Dean Smith that day. (T. 152). Patrolman Green testified that Appellant stated during their second interview that Appellant was with John Dean Smith when Smith activated the credit cards. (T. 89). During those five or six hours, Appellant and Smith stopped at three different banks and a Krogers where Smith used the credit cards and cashed a check belonging to Ms. Pohle. (T. 88, T. 149). Patrolman Green stated that Appellant told him during the second interview that he believed Smith was the one who took the credit cards from Ms. Pohle. (T. 89). Appellant believed that Smith signed Ms. Pohle up for the credit cards and received them in her name. (T. 89).
 {¶ 20} In explaining how Smith's wallet got into Appellant's Ford truck, Appellant explained that when they returned the Jeep, they transferred everything out of the Jeep and into the Ford truck. (T. 93). Appellant testified that after he dropped Smith off, he found Smith's wallet on the passenger seat of his truck and placed the wallet in his pocket. (T. 168). Patrolman Green stated that Appellant had said during their interview that Smith had placed approximately sixteen stolen credit cards in the wallet. (T. 94). When asked why there were only two credit cards in the wallet, Appellant stated Smith put the rest in his pocket. (T. 94).
 {¶ 21} Construing the testimony in favor of the State, as we are required to do in a sufficiency of the evidence analysis, the court could have determined that a *Page 8 
reasonable person could have found sufficient circumstantial evidence to find beyond a reasonable doubt that Appellant knew or had reasonable cause to know the wallet contained stolen credit cards.
 {¶ 22} With regard to the manifest weight of the evidence, the present case rests almost entirely on credibility. In a prosecution for receiving stolen property, the trier of fact may arrive at a finding of guilty by inference when the accused's possession of recently stolen property is not satisfactorily explained under all the circumstances developed from the evidence. State v. Caldwell (Nov. 16, 2000), Franklin App. No. 99AP-1107, citing Barnes v. United States (1973), 412 U.S. 837,93 S.Ct. 2357. What constitutes a reasonable explanation is one of fact, and when the resolution depends on credibility, great deference should be afforded the trier of fact. State v. Armour (Dec. 19, 1991), Cuyahoga App. No. 59064, citing State v. Alexander (June 17, 1987), Hamilton App. No. C-860530.
 {¶ 23} Here, the jury simply did not believe Appellant's explanation that he did not know the wallet contained stolen credit cards. Appellant testified that he drove around with Smith for approximately five to six hours, stopping at various banks but Appellant never knew what Smith was doing. (T. 148-149). At the end of the evening Appellant asked Smith whether he stole the credit cards because something just didn't feel right to him and he didn't want to be involved. (T. 149). Smith told him he did not steal them. (T. 149). After Patrolman Green stopped Appellant and the wallet was found in Appellant's possession, Appellant told Patrolman Green that he had found the wallet in an alley. (T. 155). Later, he told Patrolman Green that it was Smith's wallet that Appellant found laying on his passenger seat. (T. 96). *Page 9 
 {¶ 24} We find the jury could have arrived at a finding of guilty by inference when Appellant's explanation as to how he came into possession of the stolen credit cards was unsatisfactory given all the circumstances developed from the evidence, and we find the verdict was not against the manifest weight of the evidence. For these reasons, the judgment was not based upon insufficient evidence and was not against the manifest weight of the evidence, and Appellant's Assignments of Error are overruled.
 {¶ 25} The judgment of the Licking County Court of Common Pleas is affirmed.
 Delaney, J. Gwin, P.J. and Edwards, J. concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to Appellant. *Page 1