THE STATE OF OHIO, APPELLEE, *v.* RHODES, APPELLANT.

[Cite as State *v.* Rhodes (1982), 2 Ohio St. 3d 74.]

(No. 82-128—Decided December 22, 1982.)

*Mr. George E. Pattison,* prosecuting attorney, and *Mr. Gregory Chapman,* for appellee.

*Mr. Milton Berner,* for appellant.

PARRINO, J. The issue in this cause is whether the state in its prosecution of the defendant for the crime of theft of a motor vehicle in violation of R.C. 2913.02 was required to prove ownership of the vehicle in question by introduction into evidence of a certificate of title.

Appellant contends that in a prosecution for theft of a motor vehicle, R.C. 4505.04 provides the exclusive method by which ownership of that vehicle may be proved. We disagree.

In pertinent part R.C. 4505.04 provides:

"No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced:

"(A) By a certificate of title or a manufacturer's or importer's certificate issued in accordance with sections 4505.01 to 4505.19, inclusive, of the Revised Code.

"(B) By admission in the pleadings or stipulation of the parties."[1]

The applicability of R.C. 4505.04 to prove ownership in a prosecution for theft of a motor vehicle has not been previously addressed by this court. However, its application in a number of civil cases has engendered a substantial body of precedent. While these cases offer some guidance in the instant case, they do not control its disposition.

Essentially R.C. 4505.04 has been construed by this court to apply in civil cases wherein parties were asserting rival or competing interests pertaining to a motor vehicle. In interpreting R.C. 4505.04 in an action for damages to an automobile, Justice Clifford F. Brown of this court, when serving on the Court of Appeals for Lucas County, stated:

"The reason for the statute is to determine what proof, *i.e.,* certificate of title, should be required where a plaintiff is asserting some right pertaining to his allegedly owned automobile and defendant's defense or claim is based upon a claimed right, title or interest in the same automobile. The reason ceases when the defendant's defense is not based upon some claimed right, title or interest in the same automobile." *Grogan Chrysler-Plymouth, Inc.* v.

---

[1] It is clear that appellant relies on division (A) of this statute to support his position. There is no allegation that ownership was admitted or stipulated.

*Gottfried* (1978), 59 Ohio App. 2d 91, 95 at fn. 4 [13 O.O.3d 154]. This succinct statement is an accurate reflection of this statute's inappropriateness in a prosecution of a theft offense.

The pertinent part of the theft statute, R.C. 2913.02, reads:

"(A)   No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either:

"(1)   Without the consent of the owner or person authorized to give consent;

"(2)   Beyond the scope of the express or implied consent of the owner or person authorized to give consent;

"(3)   By deception;

"(4)   By threat."

R.C. 2913.02 and the definitional statute R.C. 2913.01(D) must be read *in pari materia.* R.C. 2913.01 provides:

"As used in sections 2913.01 to 2913.71 of the Revised Code:

"* * *

"(D)   'Owner' means any person, other than the actor, who is the owner of, or who has possession or control of, or any license or interest in property or services, even though such ownership, possession, control, license, or interest is unlawful."

It is apparent from the language of R.C. 2913.01(D) that title ownership in a specific person other than the defendant is not an element of a theft offense. Indeed under this definition a thief can steal from a thief. Generally a thief is not concerned with who is the owner of property or who possesses a certificate of title to an automobile which he has stolen. Under these two sections it is merely necessary to prove that a defendant deprived someone of property who had "possession or control of, or any license or any interest in" that property. It is unnecessary, however, for one from whom possession or control is taken to have lawful possession or control.

In the instant case appellant does not claim that he possessed any right, title, claim or interest in the motor vehicle. The identity of the holder of a certificate of title to the motor vehicle is not the controlling issue. The issue is whether the defendant had lawful possession of the vehicle.

For purposes of determining the commission of a theft offense under R.C. 2913.02, one need not hold a certificate of title to be in lawful possession of a motor vehicle. The state must prove that the defendant deprived the owner, as such term is defined in R.C. 2913.01(D), of the vehicle. This definition makes it clear that the "ownership, possession, control, license, or interest" of the "owner," as that term is used in R.C. 2913.01 through 2913.71, may be unlawful in itself. It is the "actor's," *i.e.,* the defendant's, relationship to the property which is controlling. The important question is not whether the person from whom the property was stolen was the actual owner, but rather whether the defendant had any lawful right to possession.

While introduction of a certificate of title is admissible to prove owner-

ship of a motor vehicle in a prosecution for theft of a motor vehicle,[2] such proof was not required in the instant case.

We therefore hold that in a prosecution for theft of a motor vehicle under R.C. 2913.02, R.C. 4505.04 does not mandate that a certificate of title be produced by the prosecution to demonstrate that the person deprived of the motor vehicle is the "owner" of the motor vehicle within the meaning of R.C. 2913.01(D).

Accordingly, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

PARRINO, J., of the Eighth Appellate District, sitting for SWEENEY, J.

[2] Cf. *State* v. *Emmons* (1978), 57 Ohio App. 2d 173 [11 O.O.3d 173], wherein, at page 177, the Court of Appeals for Montgomery County stated:

"In this type of case, this evidence [testimony of owner] was proper and it was sufficient as to the element of 'property of another' and the certificate of title was immaterial and unnecessary."