OPINION
Appellant Eugene "B.J." Such appeals the judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, finding him delinquent by reason of theft and receiving stolen property. The relevant facts leading to this appeal are as follows.
On the night of September 22, 2000, the Dover Police Department received a report from an unnamed citizen regarding two juveniles observed pushing three bicycles near 210 West Slingluff. Dover Patrolman Bradley Barnhart responded to the call at approximately 10:45 PM. Proceeding to the West Slingluff address, Barnhart observed appellant and Edward Morris engaged in dismantling parts from two of the bikes. Barnhart continued his colloquy with the two juveniles, as further discussed infra, after which the officer proceeded to apprehend appellant for suspected theft and/or receipt of stolen property.
On September 26, 2000, the Appellee State of Ohio filed a complaint in the trial court alleging that appellant was delinquent by reason of theft and receiving stolen property. Appellant denied the allegations, and the matter was set for an adjudicatory hearing on January 18, 2001. Following the presentation of evidence, appellant was found delinquent by reason of one count of theft and one count of receiving stolen property. The court, in simultaneous disposition with two other cases involving appellant, ordered a fine, court costs, and imposition of a previously suspended commitment to ODYS for a minimum of six months, pursuant to case 00JD00181.
On February 8, 2001, appellant filed notices of appeal under three case numbers, which this court later consolidated. Appellant herein raises the following four Assignments of Error:
 I. THE STATE OF OHIO FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT APPELLANT COMMITTED THE OFFENSE OF RECEIVING STOLEN PROPERTY, 2913.51 OF THE OHIO REVISED CODE, ON SEPTEMBER 22, 2000 IN TUSCARAWAS COUNTY OHIO.
 II. THE STATE OF OHIO FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT THE APPELLANT COMMITTED THE OFFENSE OF THEFT, 2913.02 OF THE OHIO REVISED CODE, ON SEPTEMBER 22, 2000 IN TUSCARAWAS COUNTY OHIO.
 III. THE TRIAL COURT ERRED FINDING APPELLANT DELINQUENT BY VIRTUE OF HAVING COMMITTED A THEFT OFFENSE ON SEPTEMBER 22, 2000 BECAUSE THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE TRIAL COURT'S FINDING.
 IV. ADJUDICATION OF APPELLANT-DELINQUENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I, II, III
We will address appellant's First, Second, Third Assignments of Error together, as in all three appellant asks us to consider the sufficiency of the evidence. Our standard of review is as follows:
 * * * [T]he inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 State v. Jenks (1991), 61 Ohio St.3d 259, 273.
As mentioned above, appellant was connected with two different bicycles. The first, serial number 0980711733, was the bike which the state asserted was stolen by appellant from the New Philadelphia YMCA on September 22, 2000. Appellant's acquisition of this bike formed the basis of the theft finding. The second was a chrome model, serial number SY5H1844, which appellant asserted he was riding on the night in question. Appellant's possession of this bike formed the basis of the receiving stolen property finding. We will address each item in turn.
 The "YMCA" bike
R.C. 2913.02 reads in pertinent part as follows:
 (A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 (1) Without the consent of the owner or person authorized to give consent;
* * *
In its case in chief, the state first called Officer Barnhart. He recalled approaching Morris in the backyard and observing the two juveniles working on the bikes, which had been turned upside down and from which various parts had been removed, apparently being "stripped down." Tr. at 7. Noting the various tools spread out on the ground and the lateness of the hour, he asked appellant about the origin of the bikes. In regard to the "YMCA" bike, appellant first told the officer that he and Morris had found the item "along the river." Tr. at 8. Barnhart found that explanation suspicious, given that the bike was not beat up and looked rideable. After Barnhart conveyed his suspicion to the juveniles, Morris advised the officer that he and appellant had stolen the bike from the YMCA. According to Barnhart, appellant than changed his story and admitted that he and Morris had stolen the "YMCA" bike. Tr. at 9.
The state also called Morris as a witness for the prosecution. He testified that when Officer Barnhart approached the backyard, he was not involved in disassembling the stolen "YMCA" bike, but was merely watching as appellant worked. He claimed that appellant brought tools with him in a book bag. Tr. at 16. He further testified to the following events:
 Q. All right. And you say that the bike was stolen, how do you know it was stolen?
 A. Because me and him went over to Phila because he was going to show me because I had a bike that was stolen and he supposed to show me where it was and we went passed (sic) the YMCA and he stopped and I kept on going and he came down the street with another bike.
 Q. Okay. And did he say where he got that or how he got that bike?
A. Uh-uh. But he didn't have it before he stopped.
Q. Okay. Do you know-you say he was by the Y?
A. Yeah, at the YMCA.
Q. And that's the one in New Phila, close to Dover?
A. Phila, yeah, yeah, over by the hospital.
Tr. at 16
Reviewing the evidence in the record before us, we find a reasonable trier of fact could find that appellant knowingly obtained or exerted control over a bicycle without the consent of its owner. Although appellant asserts that the state did not offer any witness to testify as to specific ownership, the Ohio Supreme Court has previously declared, in regard to Ohio's theft statute: "The important question is not whether the person from whom the property was stolen was the actual owner, but rather whether the defendant had any lawful right to possession." Statev. Rhodes (1982), 2 Ohio St.3d 74, 76. Based on the foregoing, we are unpersuaded that the state failed to provide sufficient evidence to demonstrate theft of the "YMCA" bike by appellant beyond a reasonable doubt.
 The "chrome" bike
R.C. 2913.51 reads in pertinent part as follows:
 (A) No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense.
* * *
Appellant argues that insufficient evidence was presented to demonstrate appellant retained the chrome bike in violation of R.C.2913.51(A). We agree.
The state must prove its case against a juvenile beyond a reasonable doubt. In re Winship (1970), 397 U.S. 358. Our review of the transcript reveals that the majority of the evidence centered on the "YMCA" bike, rather than the chrome bike appellant was riding on the night in question. Nonetheless, Officer Barnhart and the prosecutor engaged in the following limited exchange:
 Q. Okay. Did you-were you able to ascertain whether or not the bike that Mr. Such indicated he was riding was his?
A. Yes.
Q. And was that in fact his bicycle?
A. No.
* * *
 Q. And at any point, did he acknowledge that the bike that he had been riding was not his bicycle?
A. That was later, it wasn't that night.
Tr. at 8-9.
Additionally, as the state responds in its brief, witness Morris affirmed that he had "* * * previously admitted to a criminal offense of receiving stolen property tied to this." Tr. at 17.
Our review on appeal is limited to those materials in the record which were before the trial court. See State v. Ishmail (1978),54 Ohio St.2d 402. The above admission by Morris is unaccompanied by further documentation in the record of the specific allegations to which he admitted. Likewise, we find the officer's testimony would lead a reasonable finder of fact at best to conclude that appellant borrowed the chrome bike, but the mens rea component of R.C. 2913.51(A) is not apparent in the trial record. Morris, on cross-examination, merely recalled the bike as having a frame of "all just chrome and stuff." Tr. at 18. However, neither side questioned Morris as to his knowledge of the bike's origin, which appellant at trial insisted was a gift from two named individuals, Maverick Colvin and Gerald Wildman. Tr. at 22. Cf.State v. Kyles (June 30, 1994), Stark App. No. CA-9479, unreported, referencing State v. Davis (1988), 49 Ohio App.3d 109, (evidence of defendant's lack of identity of the friend from whom he supposedly had borrowed automobile was found sufficient to infer that appellant knew or had a reasonable belief that the vehicle was stolen property).
We are therefore persuaded that the state failed to meet its burden, in light of the record before us, to prove appellant knew or had reasonable cause to believe that the chrome bike had been obtained through the commission of a theft offense. Appellant's First, Second, and Third Assignments of Error are sustained in part and overruled in part.
 IV
In his Fourth Assignment of Error, appellant argues that the adjudication of appellant was against manifest weight of the evidence. In regard to the receiving stolen property allegation, we find this issue moot in light of our above holding. In regard to the theft allegation, we disagree with appellant's position.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine, "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172,175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
In addition to the evidence cited in part above, the trial court was presented with appellant's own testimony. According to appellant, he was out riding the chrome bike on the evening of September 22, 2000, when Morris stopped by and asked him to go along on a ride to New Philadelphia. He claimed he stopped at the YMCA to check the time, and as he was talking with another youth, Morris "came flying around the corner" asking appellant to hurry up. Tr. at 21. He then indicated he followed Morris back to the latter's house in order to pick up his backpack and clothing that he had left there. He denied taking any bicycles on the night in question, and stated he was merely attempting to fix "a weird noise" coming from the crank mechanism of the chrome bike. Tr. at 22. He explained his decision not to go home earlier was influenced by Morris' use of his tools and physical threats from Morris. Tr. at 23.
Based on our review of the entire record, we are unpersuaded that the finder of fact lost her way in assessing the evidence presented as to the theft allegation, including the testimony presented by appellant himself. Martin, supra. The trial court's decision was not against the manifest weight of the evidence, as urged by appellant. Appellant's Fourth Assignment of Error is overruled.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Tuscarawas County, Ohio, is affirmed in part, vacated in part and remanded for further proceedings consistent with this opinion.
Pursuant to App.R. 24(A)(4), costs are to be split equally.
Hon. Julie A. Edwards, P. J. Hon. Sheila G. Farmer, J. Hon. John W. Wise, J. concur.