This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Thomas Woosnam has appealed from his convictions in the Medina County Court of Common Pleas. This Court affirms.
 I {¶ 2} On November 2, 2005, Appellant was indicted on two counts of theft in violation of R.C. 2913.02(A)(1) and R.C 2913.02(A)(3). The indictment resulted from Appellant's sale of three silos which were purchased at auction by David Michael in February 2004. Michael did not promptly remove the silos from the property. In turn, while cleaning the property, Appellant made arrangements to sell the silos to Champion Plastics. Appellant and Champion contracted for the sale of the silos and Appellant dismantled and transported the silos to Champion's property. Upon learning that the silos were no longer at the auction site, Michael contacted the Medina Police. Through investigation, officers learned that Appellant had sold the silos to Champion. As a result, the above indictment was returned.
 {¶ 3} On December 12, 2005, the matter proceeded to a jury trial. At the close of the evidence, the jury returned a guilty verdict on both counts in the indictment. On January 30, 2006, the trial court merged the convictions and sentenced Appellant. In its entry, the trial court placed Appellant under house arrest, declared that Michael was the proper owner of the silos, and ordered Appellant to pay restitution to Champion in the amount he had received for the silos, $25,000. Appellant has timely appealed his convictions and sentence, raising one assignment of error for review.
 II Assignment of Error "THE EVIDENCE AT TRIAL WAS INSUFFICIENT TO SUPPORT THE JURY'S GUILTY VERDICT AND THE CONVICTIONS THEREFORE WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 4} In his sole assignment of error, Appellant has argued that his convictions were against the manifest weight of the evidence and that the State produced insufficient evidence to support his convictions. This Court disagrees.
 {¶ 5} A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." Id., citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. State v.Jenks (1991), 61 Ohio St.3d 259, 279. Furthermore:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus; see, also, Thompkins, 78 Ohio St.3d at 386.
In State v. Roberts, this Court explained:
 "[S]ufficiency is required to take a case to the jury[.] * * * Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *4. (Emphasis omitted).
Accordingly, we address Appellant's challenge to the weight of the evidence first, as it is dispositive of his claim of sufficiency.
 {¶ 6} In determining whether a conviction is against the manifest weight of the evidence an appellate court:
 "[M]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. Thompkins, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id. An appellate court must make every reasonable presumption in favor of the judgment and findings of fact of the trial court.Karches v. Cincinnati (1988), 38 Ohio St.3d 12, 19. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983), 20 Ohio App.3d 172,175; see, also, Otten, 33 Ohio App.3d at 340.
 {¶ 7} Appellant was convicted of two counts of theft in violation of R.C. 2913.02(A)(1) and (A)(3) which provide as follows:
 "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 "(1) Without the consent of the owner or person authorized to give consent;
 * * *
 "(3) By deception."
While Appellant has mentioned that the State failed to prove that he used deception, he has not elaborated on that argument in any manner. Appellant has neither referenced the record, nor any law in support of that contention. Accordingly, we do not address that claim on appeal. Furthermore, Appellant conceded that he had removed the silos and sold them to Champion. Accordingly, there is no dispute that Appellant's actions purposefully deprived the owner of the possession of the silos.
 {¶ 8} Appellant, however, has contended that the State failed to prove the owner of the silos and that the State failed to prove that he knowingly exerted control over the silos without consent. We disagree.
 {¶ 9} In order to establish the owner of the silos, the State relied upon the testimony of Michael. During his testimony, Michael unequivocally stated that he had purchased the silos during the auction. Furthermore, he produced an invoice which indicated that he purchased items totaling $46,890.25 on the day of the auction. That invoice reflected that Michael had paid the full amount for his purchases.
 {¶ 10} Appellant, however, has asserted that Michael lost ownership in the silos when he failed to remove them from the auction site in a timely manner. In support, Appellant has relied upon the terms and conditions placed upon bidders by the auctioneering company. In relevant part, these terms and conditions provide as follows:
 "If for any reason the undersigned * * * fails to remove 100% of its purchases on or before the date and time announced by the Auctioneer * * * such item(s) will be considered abandoned and the Auctioneer may resell at public or private sale * * * or otherwise dispose [of the items.]"
Appellant has argued that since Michael did not comply with the date for removal, he abandoned the silos and was no longer the owner. Appellant's argument fails in two respects.
 {¶ 11} First, Michael testified that he received permission to leave the silos on the property from the owner of the property. Michael's testimony was supported by the testimony of the owner of the property, Michael Bobinchuck. Bobinchuck testified that he gave the winning bidder permission to leave the silos on the property beyond the time period in the auction's terms and conditions. The State, therefore, produced uncontradicted evidence that Michael was the owner of the silos.
 {¶ 12} Furthermore, "[i]t is apparent from the language of R.C.2913.01(D) that title ownership in a specific person other than the defendant is not an element of a theft offense." State v. Rhodes (1982),2 Ohio St.3d 74, 76. Rather, "[t]he important question is not whether the person from whom the property was stolen was the actual owner, but rather whether the defendant had any lawful right to possession." Id. Herein, the undisputed facts demonstrate that Appellant did not have a lawful right to possession of the silos. Assuming arguendo that the terms and conditions contained in the auction bidding process were applicable, the ownership of the silo reverted to the auction company. Nothing in those terms and conditions, nor anything in the law, caused the silos to become Appellant's property.
 {¶ 13} The State, therefore, proved that Appellant was not the owner of the silos. Accordingly, Appellant's assertion that a finding that the State had proven the owner of the silos was against the manifest weight of the evidence lacks merit.
 {¶ 14} Finally, Appellant has argued that the State failed to prove that he lacked the authorization to remove the silos. We disagree.
 {¶ 15} In support of his argument, Appellant has relied upon his own testimony. In his testimony, Appellant asserted that an employee, Frank Begalke, of Par Industries, the company which previously owned the silos, authorized him to remove the silos. Specifically, Appellant testified that Begalke had informed him that everything on the premises needed to be removed. Furthermore, Appellant testified that he informed another employee of Par Industries, Bob Henderson, that Appellant planned on keeping the silos.
 {¶ 16} Both Begalke and Henderson, however, gave different accounts of their conversations with Appellant. Specifically, Begalke testified that he had contracted with Appellant to clean up the auction site. Specifically, Begalke testified that he spoke with Appellant during two separate walk-throughs. During those walk-throughs, Begalke explicitly informed Appellant that he was not permitted to remove the silos. Furthermore, Henderson testified that he had also informed Appellant that the silos were owned by someone else and were not to be removed from the property.
 {¶ 17} As such, the prosecution presented evidence which Appellant contradicted. However, this Court has held that a conviction is not against the manifest weight simply because the jury chose to believe the prosecution testimony. See State v. Gilliam (Aug. 12, 1998), 9th Dist. No. 97CA006757. In addition, a review of the testimony supports the jury's conclusion that Appellant lacked credibility.
 {¶ 18} During his testimony, Detective Mark Kollar of the Medina City Police Department noted that Appellant's rendition of the events surrounding the silos was implausible. Kollar noted that the invoice that Appellant faxed him which purported to give Appellant authorization to remove the silos was contradicted by the remaining known facts. Kollar indicated that the invoice included charges disputed by employees of Par Industries. Further, Kollar indicated that it took several days for Appellant to produce the invoice and that the invoice appeared to have been generated after the fact.
 {¶ 19} Kollar's suspicions were bolstered by Begalke's testimony. Begalke testified that the dates reflected on the invoice were inaccurate; that several of the charges represented work other than what the charges purportedly represented; and that Par Industries had never contracted with Appellant for some of the work that the invoices reflected.
 {¶ 20} Finally, Appellant's own testimony was riddled with inconsistencies. Appellant initially indicated that Begalke had given him permission to remove the silos. He then testified that a representative of the auction company had granted him permission. Appellant next testified that he made no money from the work he performed at the auction site. However, on cross-examination he admitted that he paid Par Industries less than the amount he received for the scrap metal. Later still, Appellant admitted that he kept the difference in the amount he received for the scrap metal and the amount reflected on his invoice. Appellant also indicated that Begalke had given him authorization to remove the silos; he then later testified that he had never had a conversation about the silos with Begalke. Accordingly, at the conclusion of his testimony, it was unclear what made up even Appellant's own theory of the facts. Accordingly, we agree with the jury's conclusion, as demonstrated by its verdict, that Appellant lacked credibility.
 {¶ 21} Pursuant to the above, the State proved that Appellant had no ownership interest in the silos. Further, the State offered evidence that Appellant was not authorized to remove the silos. Finally, Appellant conceded that he purposely removed the silos and sold them to a third party. His convictions for theft, therefore, were not against the manifest weight of the evidence. Having disposed of Appellant's challenge to the weight of the evidence, we similarly dispose of his sufficiency challenge. See Roberts, supra, at *2. Appellant's sole assignment of error lacks merit.
 III {¶ 22} Appellant's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.