[Cite as *In re T.P.*, 2025-Ohio-1258.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE T.P. :

: No. 114169

[Appeal by the State of Ohio] :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** April 10, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL-20-107198

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Gregory Ochocki, Assistant Prosecuting
Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and
Britta Barthol, Assistant Public Defender, *for appellee.*

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} The State of Ohio appeals the juvenile court's decision, following a

discretionary bindover proceeding, finding no probable cause regarding four counts

of the juvenile complaint filed against T.P.[1]  For the reasons that follow, we reverse the juvenile court's decision and remand for an amenability hearing on all counts of the complaint.

## I.    Procedural Background

{¶ 2}   In August 2020, the State filed a ten-count complaint against T.P., then age 15, alleging that he was a delinquent child.  Those offenses included attempted murder (Count 1); aggravated robbery (Counts 2 and 3); robbery (Counts 4, 5, and 6); felonious assault (Counts 7 and 8); grand theft (Count 9); and improperly handling firearms in a motor vehicle (Count 10).  Counts 1 through 9 each carried both one- and three-year firearm specifications.  The charges stemmed from a shooting of G.D., then age 14, on Glendale Avenue in Cleveland.

{¶ 3}   On September 3, 2020, the State filed a motion for an order to relinquish jurisdiction for the purpose of criminal prosecution pursuant to R.C. 2152.10(B) and a preliminary hearing pursuant to Juv.R. 30.  The State submitted that (1) T.P. is a delinquent child for committing an act that would be a felony if committed by an adult; (2) T.P. was at least 14 years old at the time of the alleged commission of the offense; (3) probable cause is believed to exist that T.P.

---

[1] The State claims that it brings this appeal as of right, which has not been challenged.  Neither this court nor the Ohio Supreme Court has addressed the issue of whether a State may appeal as a matter of right, pursuant to R.C. 2945.67(A), the denial of probable cause in a discretionary bindover proceeding or whether the State must first obtain leave pursuant to App.R. 5(C) to appeal such denial. *See In re D.M.S.*, 2020-Ohio-7028 (2d Dist.) (discussing whether a no probable-cause finding in a discretionary bindover proceeding is an appeal of right by the State or requires leave to appeal and whether the order is a final appealable order).

committed the acts alleged in the complaint; (4) reasonable grounds exist that T.P. is not amenable to rehabilitation in a juvenile facility; and (5) the safety of the community may require T.P. to be placed under legal restraint for a period beyond T.P. reaching the age of majority.

{¶ 4} On June 3, 2024, the juvenile court conducted a probable-cause hearing pursuant to R.C. 2152.12(B) and Juv.R. 30(A), received testimony from Detective Timothy Cramer, and admitted into evidence six exhibits — (1) body camera footage from a responding officer who found G.D. in the street, suffering from gunshot wounds; (2) social media images of Shawn Jones, the person who actually shot G.D.[2]; (3) social media images of T.P.; (4) social media conversations between T.P. and G.D.; and (5-6) home surveillance video from G.D.'s house.

{¶ 5} Detective Cramer testified that on August 16, 2020, he responded to Glendale Avenue and found G.D. lying in the street and suffering from gunshot wounds. He stated that G.D. was shot in the back and lower body which left him partially paralyzed.

{¶ 6} Detective Cramer learned from G.D. that the day before the shooting, he and T.P. planned that G.D. would take his mother's firearm from his house to recover another firearm previously taken from them. According to Detective Cramer, G.D. told him that T.P. and another male, later identified as Jones, drove to his house in a stolen silver Kia. G.D. exited his house with his mother's firearm,

---

[2] Jones was convicted of attempted murder and is currently serving a prison sentence for shooting G.D. *See State v. Jones*, Cuyahoga C.P. No. CR-21-659320.

entered the vehicle, and gave T.P. the firearm; the group drove around, devising a plan to recover the other firearm. G.D. told the detective that when the plan did not develop, he asked T.P. to drop him off on Glendale Avenue so that he could walk home. According to the detective, G.D. stated that when he told T.P. to give back the firearm, T.P. refused and a verbal argument ensued. G.D. initially refused to exit the car until he received the firearm. He later exited the car, and a physical struggle over the firearm occurred during which the gun discharged. G.D. told the detective that during the altercation, Jones exited the vehicle with his own firearm and G.D. heard several gunshots and realized that he had been shot. Jones and T.P. fled the scene in the Kia with G.D.'s mother's firearm.

{¶ 7} Detective Cramer testified that he reviewed a responding officer's body-camera video wherein G.D. identified T.P. as the person who shot him. He later learned that Jones shot G.D., not T.P. The detective identified both T.P. and Jones after G.D.'s mother provided him with information from Instagram accounts belonging to the boys and G.D. confirmed their identities. He stated that he also interviewed one of G.D.'s friends who was with G.D. that evening but not involved in the shooting. The friend confirmed that G.D. took his mother's firearm from the house and had it in the vehicle.

{¶ 8} On cross-examination, Detective Cramer admitted that G.D. told him that he took his mother's firearm, voluntarily brought the gun into the vehicle with T.P. and Jones, and gave the gun to T.P. He stated, however, that T.P. refused to give back the gun when G.D. demanded its return.

{¶ 9} The juvenile court took the matter under advisement and, in its subsequent journal entry, found that T.P. was 15 years of age at the time of the charged offenses, that the offenses occurred in Cuyahoga County, and that probable cause existed to believe that T.P. committed the acts, that if committed by an adult, would be a crime of attempted murder with attendant firearm specifications (Count 1); felonious assault with attendant firearm specifications (Counts 7 and 8); and improper handling of firearms in a motor vehicle (Count 10). The juvenile court did not find probable cause of grand theft, as complained in Count 9, but found probable cause of the "lesser included attempt [sic]" of receiving stolen property. Finally, the juvenile court did not find probable cause on Counts 2 and 3, aggravated robbery, and Counts 4 through 6, robbery.

## II. The Appeal

{¶ 10} The State now appeals, raising two assignments of error, each challenging the juvenile court's probable-cause determination.

### A. Standard of Review

{¶ 11} In a discretionary bindover proceeding, before transferring a juvenile case to adult court, the juvenile court must first find probable cause. R.C. 2152.12(B)(2); Juv.R. 30(A) ("[T]he court shall hold a preliminary hearing to determine if there is probable cause to believe that the child committed the act alleged.").

{¶ 12} In a unanimous opinion, the Ohio Supreme Court reaffirmed its prior decisions of *State v. Martin*, 2022-Ohio-4175; *In re A.J.S.*, 2008-Ohio-5307; and

*State v. Iacona*, 93 Ohio St.3d 83 (2001), that established and clarified the State's burden of proof and the juvenile court's role in probable-cause hearings. *In re E.S.*, 2023-Ohio-4273, ¶ 1.

> "The substance of all the definitions of probable cause is a reasonable ground for belief of guilt. Thus, probable cause exists when the facts and circumstances are sufficient to provide a reasonable belief that the accused has committed a crime. The inquiry requires the judge to review all the circumstances and make a practical, commonsense decision as to whether probable cause is present." (Cleaned up.)

*Id.* at ¶ 22, quoting *Martin* at ¶ 17.

{¶ 13} "[T]he state must present credible evidence of every element of an offense to support a finding of probable cause, but that evidence does not have to be unassailable." *A.J.S.* at ¶ 46, citing *Iacona* at paragraph three of the syllabus. The State's burden is not to prove delinquency beyond a reasonable doubt, but to produce evidence that "'"raises more than a mere suspicion of guilt."'" *E.S.* at ¶ 1 and 23, quoting *Martin* at ¶ 19, quoting *Iacona* at 93.

{¶ 14} A juvenile court, in determining whether the State presented sufficient evidence to support a finding of probable cause, "'"is not permitted to exceed the limited scope of the bindover hearing or to assume the role of the ultimate fact-finder."'" *E.S.* at ¶ 24, quoting *Martin* at ¶ 23, quoting *A.J.S.* at ¶ 44. The court is "'tasked only with determining whether the state presented sufficient credible evidence of probable cause . . . .'" *Id.* at ¶ 24, quoting *Martin* at ¶ 24. An appellate court will defer to the juvenile court's assessment of the State's evidence but will review de novo the legal conclusion whether the State presented sufficient evidence

to demonstrate probable cause to believe that the juvenile committed the acts charged. *Martin* at ¶ 23.

## B. Grand Theft

{¶ 15} In its first assignment of error, the State contends that the juvenile court erred as a matter of law when it did not find probable cause to believe that T.P. committed the offense of grand theft but, instead, found probable cause to believe that T.P. committed the "lesser included offense" of receiving stolen property.[3]

{¶ 16} Count 9 charged T.P. with grand theft (a firearm), in violation of R.C. 2913.02(A)(1), which provides that "[n]o person, with purpose to deprive the owner of property . . . shall knowingly obtain or exert control over . . . the property . . . (1) without the consent of the owner or person authorized to give consent."

{¶ 17} The juvenile court concluded that probable caused existed that T.P. committed the lesser included offense of receiving stolen property pursuant to R.C. 2913.51, which provides that "[n]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."

{¶ 18} At the outset, we agree with the State that "'receiving stolen property is technically not a lesser included offense of theft.'" *State v. Ladson*, 2017-Ohio-7715, ¶ 45 (8th Dist.) (Stewart, J., concurring), quoting *State v. Yarbrough*, 2004-

---

[3] T.P. did not specifically address this assignment of error in his appellate brief. He contends in opposition to the State's second assignment of error, challenging the aggravated robbery and robbery offenses, that no theft occurred because G.D. voluntarily gave him the firearm.

Ohio-6087, ¶ 99 (although not technically a lesser included offense, it could be an allied offense). Nevertheless, we find that the trial court erred in its decision finding no probable cause to believe that T.P. committed the act of grand theft.

{¶ 19} The juvenile court made no findings in rendering its decision. Based on our review of the testimony and evidence presented at the hearing, we find that the State presented credible evidence that T.P. knowingly obtained or exerted control over G.D.'s mother's firearm beyond any scope of consent G.D. initially granted. Detective Cramer testified that based on his conversations with G.D. and review of body-camera video evidence, T.P. refused to return the gun to G.D. when requested, causing the two boys to engage in a verbal altercation that turned physical, and the gun discharged. After Jones exited the vehicle and shot G.D. multiple times in the back, T.P. took G.D.'s mother's firearm and fled the scene with Jones, leaving G.D. bleeding in the street.

{¶ 20} Whether G.D. initially consented and voluntarily gave T.P. the firearm is of no consequence because G.D. revoked his consent and asked for the return of the firearm. The Supreme Court of Ohio has stated that the focus of theft involves whether a defendant has lawful ownership at the time of the offense because under the definition of "theft," "'a thief can steal from a thief. . . . It is . . . the defendant's relationship to the property which is controlling. The important question is not whether the person from whom the property is stolen was the actual owner, but rather whether the defendant had any lawful right to possession.'" *State v. Holloway*, 2024-Ohio-3189, ¶ 24 (8th Dist.), quoting *State v. Rhodes*, 2 Ohio

St.3d 74, 76 (1982). "'The gist of a theft offense is the wrongful taking by the defendant, not the particular ownership of the property.'" *In re D.J.*, 2024-Ohio-738, ¶ 28 (8th Dist.), quoting *State v. Jones*, 2010-Ohio-902, ¶ 12 (8th Dist.).

{¶ 21} Accordingly, we find that the State presented credible evidence to establish probable cause to believe that T.P. committed grand theft because T.P. refused to return the firearm after G.D. revoked any consent and then fled the scene with the firearm. The trial court's decision finding probable cause for the lesser included offense of receiving stolen property was in error.

## C. Aggravated Robbery and Robbery

{¶ 22} The State contends in its second assignment of error that the juvenile court erred as a matter of law when it found no probable cause to believe that T.P. committed the offenses of aggravated robbery and robbery, as charged in Counts 2 through 6 of the complaint. T.P. contends that the juvenile court did not err because the State did not present credible evidence that T.P. committed a theft offense.

{¶ 23} In addressing the State's first assignment of error, we determined that the State presented credible evidence that T.P. committed a theft offense when he refused to return the firearm to G.D., retained control over the firearm, and fled the area with Jones after Jones shot G.D.

{¶ 24} Moreover, although Jones shot G.D., thus causing harm, T.P. could be held liable under an accomplice theory. The juvenile court recognized this in its conclusion that probable cause existed for Counts 7 and 8, felonious assault, when it noted, "Complicity in Nature pursuant to [R.C.] 2152.17(B)(1)." An offender need

not be charged under R.C. 2923.03 but instead may be charged with complicity in terms of the principal offender. Therefore, the State is not required to explicitly allege complicity. *State v. Wilborn*, 2024-Ohio-5003, ¶ 45 (8th Dist.), citing *State v. Skatzes*, 2004-Ohio-6391, ¶ 32.

{¶ 25} Counts 2 and 3 charged T.P. with aggravated robbery in violation of R.C. 2911.01(A)(1) and (3), respectively. The State was required to present credible evidence that T.P., in attempting to or committing a theft offense, or in fleeing immediately thereafter, (1) did have a deadly weapon on or about his person or under his control and either displayed, brandished, indicated possession, or used the deadly weapon (Count 2); and/or (2) inflicted or attempted to inflict serious physical harm to G.D. (Count 3).

{¶ 26} Counts 4, 5, and 6 charged T.P. with robbery, in violation of R.C. 2911.02(A)(1) through (3), respectively. The State was required to present credible evidence that T.P., in attempting to or committing a theft offense, or in fleeing immediately thereafter, (1) had a deadly weapon on or about his person or under his control (Count 4); (2) inflicted or attempted to inflict, or threaten to inflict physical harm to G.D. (Count 5); and/or (3) did use or threaten the immediate use of force against G.D. (Count 6).

{¶ 27} A review of the testimony and evidence presented at the hearing supports a finding of probable cause for these offenses. Detective Cramer testified that based on his investigation, T.P. refused to return the gun to G.D. when requested, causing the two boys to engage in a physical altercation over the firearm,

and the gun discharged. Jones then exited the vehicle and shot G.D. multiple times in the back, causing G.D. partial paralysis. T.P. retained control over G.D.'s mother's firearm after consent was revoked and fled the scene with Jones.

{¶ 28} Accordingly, we find that the State presented credible evidence establishing probable cause to believe that T.P. acted as an accomplice or principal offender in committing aggravated robbery and robbery as charged in Counts 2 through 6 of the complaint.

## III. Conclusion

{¶ 29} Based on the foregoing, we find that the trial court erred in finding no probable cause on the offenses as charged in Counts 2 through 6 of the complaint. The State's assignments of error are sustained.

{¶ 30} Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

DEENA R. CALABRESE, J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)